Patricia PARKER, Plaintiff,

v.

Malvena BROWN, Defendant,

v.

UNITED STATES of America,
Intervenor,

v.

Patricia PARKER; State of Ohio Bureau
of Employment Services,
Additional Defendants.

No. C–1–83–734.

United States District Court,
S.D. Ohio, W.D.

Sept. 12, 1983.

Albert H. Neman, Cincinnati, Ohio, for plaintiff.

Marvin Kraus and Donald M. Lerner, Cincinnati, Ohio, for Brown.

Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for United States.

Paul C. Koscik, Asst. Atty. Gen., Bureau of Employment Services, Columbus, Ohio, for State of Ohio, Bureau of Employment.

## ORDER

SPIEGEL, District Judge.

This matter came on for hearing on the motion of intervenor United States of America for an Order declaring it to be a proper party to this action, or, alternatively, to alter or amend the May 12, 1983 entry of the Hamilton County Court of Common Pleas setting aside its prior order allowing intervention (doc. 5); defendant Malvena Brown's memorandum in opposition (doc. 9); and the reply of intervenor United States of America (docs. 7 and 10). We also considered defendant Brown's motion to remand (doc. 4) and intervenor's opposition (doc. 8). Also before the Court is defendant Brown's supplemental memorandum including the affidavit of Donald M. Lerner (doc. 13).

This case involves certain real estate held in the name of defendant Malvena Brown in which the United States claims an interest arising out of taxes due. The following facts have been derived from the affidavits of Jonathan B. Forman of the Justice Department (doc. 5), Marvin Kraus (doc. 9), and Donald M. Lerner (docs. 9, 13) and supporting documents.

This action was commenced in the Common Pleas Court of Hamilton County, Ohio. On March 29, 1983, the United States' motion to intervene and to add additional parties was served upon counsel for the parties in that case. Service to defendant Brown was in the form of a copy sent to Marvin Kraus, her original counsel, of a letter from the Justice Department to the United States Attorney in Cincinnati. That letter, dated March 29, 1983, requested the U.S. Attorney to file the motion in the Hamilton County Court of Common Pleas, and stated that the motion had been served upon the parties. Mr. Kraus went to the Hamilton County Court House on April 6, 1983 where he checked the case file. However, none of the documents referred to in the letter from Justice Department appeared in the case file; Mr. Kraus, therefore, did not file any opposition to this motion to intervene.

On April 4, 1983, the order proposed by the United States was entered by the state court. However, none of the parties was aware of the order until May 6, 1983. Upon learning of the order, Donald M. Lerner, who was to be substituted for Kraus as counsel for Brown, telephoned the Justice Department and asked if the United States would be amenable to rescinding the order allowing it to intervene. Mr. Forman advised Mr. Lerner that the Justice Department was opposed to setting aside the April 4 order and wished to participate in any hearing on a motion to set aside or rescind that order. Mr. Forman further advised that the United States intended to remove this matter to federal court.

On May 11, 1983, the United States filed a petition for removal in this Court, along with supporting documents. The Notice of Filing of Petition for Removal was filed with the state court at 9:27 A.M., on May 12, 1983. Also, on that date, the Court of Common Pleas entered an *ex parte* Entry Setting Aside Order Allowing Intervention (May 12 entry); that entry, however, is not time-stamped.

Before the May 12 entry was entered, on May 6, 1983 Mr. Lerner served opposing counsel with a copy of the proposed order setting aside the earlier order. On May 10, 1983, he left the proposed order with the constable of the state court for the judge's consideration. Subsequently, the judge entered the May 12 entry.

On May 25, 1983, defendant Brown filed a motion to remand with this Court (doc. 4). The following day the United States moved for an order declaring it to be a party to this action, or, alternatively, to alter or amend the May 12 entry and to reinstate the April 4 entry allowing the United States to intervene (doc. 5).

■ A review of the United States' complaint for intervention discloses that it seeks to reduce certain tax assessments to judgment, to assert its claim upon the real estate held in the name of defendant Brown, and to foreclose its liens against said property, pursuant to Section 7401 of the Internal Revenue Code of 1954. It is undisputed that the United States has the right to intervene in cases involving property in which the United States has an interest. 26 U.S.C. § 7424. It is also undisputed that the United States could have brought its complaint initially in federal court. However, as the property in issue was already the subject of a pending state court action, the United States chose to intervene in that action and then to remove pursuant to § 7424 and 28 U.S.C. § 1444 and/or § 1441.

■ The narrow issue we must decide is whether the United States properly removed this case. The United States maintains that it effected removal prior to the May 12 entry setting aside the earlier order allowing the United States to intervene. If the May 12 entry was entered after the notice of filing of petition for removal was filed at 9:27 A.M., then the entry would have no effect as removal would have been completed prior to the action of the state court. 28 U.S.C. § 1446(e). Unfortunately, it is impossible to ascertain at what point the May 12 entry was entered as such entries are not time-stamped by the state court.

The statute in question, 28 U.S.C. § 1446(e), provides:

Promptly after the filing of such petition [in the federal district court] ... the defendant ... shall give written notice thereof to all adverse parties and shall file a copy of the petition with the Clerk of such State Court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded.

It is clear that a party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal. *Albonetti v. GAF Corporation-Chemical Group,* 520 F.Supp. 825, 827 (S.D. Texas 1981); *Jennings Clothiers of Ft. Dodge, Inc. v. U.S. Fidelity & Guaranty Co.,* 496 F.Supp. 1254, 1255 (D.Iowa 1980); *Fort v. Ralston Purina Company,* 452 F.Supp. 241, 242 (E.D.Tenn.1978). However, it is also clear that, unlike subject matter jurisdiction which can never be waived, irregularities in removal procedures can be waived. *Medlin v. Boeing Vertol Co.,* 620 F.2d 957, 960 (3d Cir.1980). In our own Circuit, the rule is that failure to object to a defect in removal procedure, so long as the defect does not go to the jurisdiction of the district court, can constitute a waiver. *Stokes v. Merrill Lynch, Pierce, Fenner & Smith,* 523 F.2d 433 (6th Cir.1975). *See also Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972): "Where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court."

■ Here, however, defendant Brown had objected to removal by filing a motion to remand and thus has not waived any

procedural defects, if in fact there are any. Nevertheless, the fact that non-jurisdictional defects can be waived indicates to us that once the removing party has made a *prima facie* case of having satisfied all procedural requirements, the burden shifts to the party seeking remand to offer evidence rebutting that *prima facie* case.

■ The United States offered evidence showing that the notice of filing of its removal petition was filed at 9:27 A.M., May 12, 1983, in the state court. Given that the filing occurred at a relatively early point in the morning, we find that the United States has made a *prima facie* case that the notice was filed prior to the entering of the May 12 entry. Defendant Brown offered no evidence to the contrary. Thus, we find that the United States has sustained its burden of showing that it satisfied all the procedural requirements for removal.

Obviously, defendant Brown had no way of controlling when the state court entered its order. However, the United States did everything required of it to effect removal in a timely fashion. Moreover, we see no prejudice to defendant in retaining the case here where it is obvious that we have subject matter jurisdiction. In addition, plaintiff, who initially sought the state court forum, apparently has no objection to the action being tried in this Court as she did not join in defendant's motion to remand. Finally, we believe this result is consistent with the purpose of the removal statutes— to provide a central means, uniformly applied, for parties entitled to do so to remove actions from state to federal court. *Grubbs,* 405 U.S. at 705, 92 S.Ct. at 1348.

Accordingly, we find that the United States' notice of filing of the removal petition was filed in the state court before the May 12 entry was entered. Thus, removal was effected and the state court had no jurisdiction to proceed. 28 U.S.C. § 1446(e). Therefore, we hold that its May 12, 1983 entry setting aside its prior order allowing the United States to intervene is null and void. The United States is thus a

proper party to this action and defendant's motion to remand is denied.

SO ORDERED.