Richard CORRY, Plaintiff,

v.

CITY OF HOUSTON, The Houston Police Department and T.A. Peikert, Defendants.

Civ. A. No. H–93–2909.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 5, 1993.

Howard Horton Singleton, Houston, TX, for plaintiff.

Robert Louis Cambrice, City of Houston Legal Dept., Houston, TX, for defendants.

## ORDER

HITTNER, District Judge.

Defendants, City of Houston, City of Houston Police Department, and T.A. Peikerts ("City of Houston"), filed a Notice of Removal of the above referenced cause that was initially brought against them in the 189th District Court of Harris County, Texas by plaintiff Richard Corry ("Corry"). After reviewing the pleadings, this Court *sua sponte* determines that the action should be remanded to the 189th District Court of Harris County, Texas.

Corry filed Plaintiff's Original Petition for Injunction on June 25, 1993 in the state

court. On August 12, 1993 Corry filed Plaintiff's First Amended Petition alleging federal constitutional violations and state law claims. Corry filed Plaintiff's Second Amended Petition on August 19, 1993. City of Houston removed this case to this Court on September 16, 1993. 28 U.S.C. § 1446(b) states that a notice of removal must be filed within thirty days after receipt by the defendant of an amended pleading from which it may *first* be ascertained that the case is one which is or has become removable. The Court, after reviewing the pleadings, determines that the federal grounds upon which this case was removed from the state court are clearly determinable from the face of Plaintiff's First Amended Complaint filed on August 12, 1993. As a result, City of Houston's notice of removal is untimely and procedurally defective under § 1446(b).

28 U.S.C. § 1447(c) states that "a motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)...." The Fifth Circuit has held that the district courts may not remand cases to the state courts more than thirty days after the filing of the notice of removal. *Diaz v. McAllen State Bank,* 975 F.2d 1145, 1148 (5th Cir.1992), *F.D.I.C. v. Loyd,* 955 F.2d 316, 321–22 (5th Cir.1992). In reaching this conclusion, the Fifth Circuit noted that the various provisions of the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, Federal Rules of Appellate Procedure, and the rules of the Supreme Court all refer to actions undertaken by the courts as "motions." *Loyd,* 955 F.2d at 321. The Fifth Circuit stated that "we cannot conclude, based solely on the use of the word 'motion' in § 1447(c), that Congress intended the thirty day filing period to be *limited* to the actions by the parties." *Id.* (emphasis added). However, the Fifth Circuit did not reach the issue of whether the district courts could *sua sponte* remand cases based on procedural defects within thirty days of removal. *See Diaz,* 975 F.2d 1145; *Loyd,* 955 F.2d 316.

Other appellate courts which have considered this issue have reached a similar conclusion. The Third Circuit noted that

BLACK'S LAW DICTIONARY defines "*sua sponte*" as "of his or its own will or motion." *Air–Shields, Inc. v. Fullam,* 891 F.2d 63, 65 at n. 4 (3d Cir.1989). Thus, the Third Circuit stated that "even if the district court's *sua sponte* action qualifies as a motion under the revised 28 U.S.C. § 1447(c), the district court could only remand within 30 days of the filing of notice to remove for procedural defects." *Id.* The Court declined, however, to affirmatively address whether or not the district court could *sua sponte* remand a case based on a procedural defects in the notice of removal. *Id.*

The Ninth Circuit also declined to address the issue of whether a district court could *sua sponte* remand a case to the state court within thirty days after the filing of the notice of removal. *Maniar v. F.D.I.C.,* 979 F.2d 782, 785 (9th Cir.1992). The Ninth Circuit did agree, however, with the Fifth and Third Circuits' determinations that a district court cannot remand a case *sua sponte* for procedural defects after the expiration of thirty days from removal. *Id.*

The courts that have addressed this issue have all determined that district courts may not remand a case to state court *sua sponte* after the expiration of thirty days from the notice of removal. In reaching this decision, those courts have decided that district courts are subject to the limitations set forth in § 1446(c). Inasmuch as the Fifth Circuit has decided that the district courts are subject to the restrictions of § 1446(c), it follows that the district courts may address procedural defects in notices of removal within thirty days of the filing of the notice of removal. Congress' purpose in amending § 1447(c) was to require the parties and the courts to address procedural defects shortly after removal to minimize the burdens of "shuffling a case between two courts that have subject matter jurisdiction." H.R.Rep. No. 889, 100th Cong.2d Sess. 1, 72, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 6033. The Fifth Circuit stated that in amending § 1447(c), Congress intended to restrict "unnecessary and burdensome eleventh-hour remands based solely on procedural defects in removal." *F.D.I.C. v. Loyd,* 955 F.2d at 322. Thus, Congress' purpose in amending

§ 1447(c) was not to altogether limit district courts' *sua sponte* remands but only to require that remands based on procedural defects be addressed within thirty days of removal.

Based on the foregoing, the Court hereby ORDERS that this case is REMANDED to the 189th District Court of Harris County, Texas.