**Calogero CASSARA and Anna Cassara, Plaintiffs,**

v.

**Lois Suzanne RALSTON and Giannini Trucking Co., Inc., Defendants.**

No. 93 Civ. 5064 (SS).

United States District Court, S.D. New York.

Oct. 6, 1993.

Antonia Vozza, Bronx, NY, for plaintiffs.

Thurm & Heller, New York City by Roula Theofanis, Jennifer E. Rothschild, for defendants.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

This motion, brought *sua sponte* by this Court by Order to Show Cause, raises two questions: first, whether the removal in this action was timely; and second, whether an action can or should be remanded to state court solely because the Notice of Removal fails to state or otherwise establish that the removal is timely under 28 U.S.C. § 1446(b). At a hearing held on the Order, defendants demonstrated that the removal was timely. For the reasons stated below, the action shall not be remanded for the shortcomings in the removal papers.

### I. Background

By Notice of Removal dated July 19, 1993, defendants removed this action from the Supreme Court of the State of New York, County of Bronx, to this Court. Nowhere in the Notice of Removal did the defendants state that removal was timely under 28 U.S.C. § 1446(b). Nor did removing defendants indicate when they received the complaint pursuant to Section 1446(b). The defendants did attach a copy of the Summons and Verified Complaint, both dated June 15, 1993, to the Notice of Removal.

On August 17, 1993, I issued an Order directing counsel to appear before me on August 31, 1993, and to show cause why the action should not be remanded to the Supreme Court of the State of New York, County of Bronx, with costs and attorney fees assessed against removing defendants, pursuant to 28 U.S.C. § 1447(c). At the hearing and oral argument held on this question, defendants demonstrated that removal was timely.

### II. Discussion

The issue before me is whether the failure of removal papers to state or otherwise establish the timeliness of a removal may result in the *sua sponte* remand of the action to state court. I address this question in two parts: first, whether a court may *sua sponte* order remand based on a defect in the removal procedure, and second, whether the flaws in the removal papers constitute defects in the removal procedure warranting remand.

May a Court Remand Sua Sponte for *Procedural Defects in Removal?*

Remand based not on the absence of subject matter jurisdiction, but rather on a defect in removal procedure—such as untimeliness of removal—must be effected "within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). This time limitation applies to *sua sponte* actions of the court, and not just to motions brought on by parties. *See, e.g., Maniar v. Federal Deposit Ins. Corp.,* 979 F.2d 782 (9th Cir.1992); *Federal Deposit Ins. Corp. v. Loyd,* 955 F.2d 316, 321 (5th Cir. 1992); *Air–Shields, Inc. v. Fullam,* 891 F.2d 63 (3rd Cir.1989). Although none of these cases addresses whether or not Section 1447(c) authorizes a district court to remand a case *sua sponte* for procedural defects, and no authority on point has been found on this question, I believe that such remands are permitted.

First, *sua sponte* actions are contemplated by the term "motion"; Black's Law Dictionary defines *"sua sponte"* as "[o]f his or its own will or motion." *See also Loyd,* 955 F.2d at 321 ("The various provisions of the [federal procedure rules] all refer, in various circumstances, to actions undertaken by the court as 'motions.' "). Indeed, Fed.R.Civ.P. 56, for example, refers only to *motions* for summary judgment, yet "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte." Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) (Rehnquist, J.).

Second, *sua sponte* remands for procedural defects are consistent with the purpose behind the 1988 amendment to Section 1447(c). The time limitation on remands for procedural defects was implemented because "Congress concluded that procedural defects in removal should not be grounds for shuffling cases between state and federal courts after the first thirty days." *Loyd,* 955 F.2d at 322. Expeditious remand would "minimiz[e] the burdens on all parties and the courts involved." *Id. Sua sponte* remands within the

time period specified by Section 1447(c) do not disturb this policy.

Thus, *sua sponte* remand for procedural defects is contemplated by the removal statute and is consonant with the policies underlying removal.

Do the Shortcomings in the Removal Papers *Constitute a "Procedural Defect" Warranting Remand?*

 The question that remains is whether the failure of the removal papers to state or otherwise establish that removal is timely is a "procedural defect" warranting remand, in light of the statutory requirements that a notice of removal "[1] contain[ ] a short and plain statement of the grounds for removal, [2] together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

First, the defendants' notice of removal did not state that removal was timely pursuant to 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

Indeed, the underlying dates in defendants' papers suggested that the removal was untimely.[1]

 At the very least, a Notice of Removal should identify the jurisdictional basis for removal and demonstrate that the removing parties have complied with the statutory requirements for removal. After all, it is well-established that the removing party "has the burden of proving that all the requirements of removal have been met." *Parker v. Brown*, 570 F.Supp. 640, 642 (S.D.Ohio 1983). Moreover, that burden extends "to questions of compliance with statutes governing the exercise of the right of removal." *Id.*

Defendants should have stated in their notice of removal that the removal was timely, and why. Nonetheless, I conclude that such a failure is one of form and I agree with Judge Conner that "*[p]ro forma* defects cannot suffice to deprive a party of a plain entitlement to a federal forum." *See CBS Inc. v. Snyder*, 762 F.Supp. 71, 74 (S.D.N.Y. 1991).

 Second, notwithstanding the requirement of 28 U.S.C. 1446(a) that removing defendants attach to the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," the defendants could not attach a copy of any affirmation of service of the complaint because such proof of service was within the control of the plaintiffs, who had not yet filed it at the time of removal. Under these circumstances, defendants cannot be held accountable for their inability to attach a copy of the proof of process to the notice of removal. Where a defendant does have access to a copy of the affirmation of service, such affirmation should be attached to the removal papers.

For these reasons, I shall not remand the action. I note, however, that because a removing party does have an obligation under 28 U.S.C. § 1446(a) to include in a notice of removal a clear statement that the removal is timely, the better practice for a removing party is to set forth the dates that establish the timeliness of the removal.

### III. *Conclusions*

The Court declines to order remand of this action, and costs shall not be awarded pursuant to 28 U.S.C. § 1447(c). The parties are directed to bring a case management plan to the October 22, 1993 Rule 16 Conference.

**SO ORDERED.**

---

1. The date on the summons and verified complaint, June 15, 1993, as well as the filing date on the summons, June 17, 1993, are both more than thirty days before July 19, 1993, the date that the Notice of Removal was filed.