45 F.3d 128
 Tonya Ann PAGE, Plaintiff-Appellee,
v.
CITY OF SOUTHFIELD; Sergeant Butler; and Officer John
Essit (Issit) of the Southfield Police Department,
Defendants-Appellants,
City of Detroit; John Doe I and II of the Detroit Police
Department, Defendants.
 No. 93-2499.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Nov. 10, 1994.
Decided Jan. 25, 1995.
 
 David N. Smokler (briefed), Bingham Farms, MI, for Tonya Ann Page.
 T. Joseph Seward, Marcia L. Howe (briefed), Cummings, McClorey, Davis & Acho, Livonia, MI, for City of Southfield, Butler, John Essit.
 Paula L. Cole, City of Detroit Law Dept., Detroit, MI, for City of Detroit.
 T. Joseph Seward, Cummings, McClorey, Davis & Acho, Livonia, MI, for John Doe.
 Before: BROWN, KENNEDY, and SILER, Circuit Judges.
 BROWN, J., delivered the opinion of the court, in which KENNEDY, J., joined.
 SILER, J. (pp. 134-135), delivered a separate dissenting opinion.
 BAILEY BROWN, Circuit Judge.
 
 
 1
 Defendants appeal the district court's order of remand in this civil rights case initially filed in Michigan state court. The district court remanded the case sua sponte because it found that not all the defendants consented to the removal within thirty days after the first defendant was served with process. This appeal presents an issue of first impression in the Sixth Circuit: whether the federal removal statute, 28 U.S.C. Sec. 1441, et seq., authorizes a district court to remand a case sua sponte for a perceived defect in removal procedure. We conclude that the 1988 amendments to the statute prohibit a district court from doing so, and that such error is subject to appellate review. Accordingly, we REVERSE the district court's remand order and direct the district court to reinstate the case to its docket.
 
 I.
 
 2
 Plaintiff Tonya Page commenced this action in Michigan state court on July 21, 1993. Page asserted claims under state law for false arrest, false imprisonment, and infliction of emotional distress, and a claim under 42 U.S.C. Sec. 1983 for violations of her federal constitutional rights. The complaint named two cities and two police officers as defendants: the City of Southfield and its officers, Butler and Essit, and the City of Detroit.
 
 
 3
 On August 10, 1993, Sergeant Butler became the first defendant served with process. He responded by filing a Notice of Removal with the United States District Court for the Eastern District of Michigan on August 31, 1993, based on federal question jurisdiction. The removal notice, which defendants contend satisfied the consent to removal requirements for all defendants, stated in pertinent part:
 
 
 4
 3. That all Defendants in this matter who have been served with process have been contacted and concur in the filing of this Petition. Any Defendants not yet served in this action, upon being served, will be represented by the undersigned and will concur in the removal of this action.
 
 
 5
 Defendants Officer Essit and the City of Southfield were served with process on August 19 and August 26, respectively, and filed separate concurrences to removal on September 17, 1993. Thus, they filed a concurrence within thirty days after they were served with process, but roughly thirty-eight days after Sergeant Butler was served with process.
 
 
 6
 Although the plaintiff did not oppose the removal, on September 20, 1993, the district court sua sponte remanded the case to state court. The district court concluded that the removal was procedurally defective since, the court ruled, the defendants failed to satisfy the filing requirement of 28 U.S.C. Sec. 1446, which affords defendants thirty days after service of process to remove.[1] The court specifically ruled that the thirty day period during which defendants Essit and City of Southfield were required to consent to removal began on August 10, when Butler was first served with process, and ended on September 9.[2] According to the district court, the defendants City of Southfield and Essit did not formally communicate to the court, either orally or in writing, their consent to removal within the thirty day period, and therefore, the removal procedure was "incurably defective."[3]
 
 
 7
 On October 4, 1993, defendants City of Southfield, Butler, and Essit filed a motion for reconsideration which the district court denied. These defendants have timely appealed.
 
 II.
 
 8
 The defendants first contend on appeal that they did in fact comply with the requirements of Sec. 1446, and therefore, the district court erred in finding the removal notice procedurally defective. Specifically, the defendants allege that in the case of multiple defendants served on different days, each defendant has thirty days from the time he is served to join or consent to a removal petition, rather than thirty days from the date the first defendant is served. They further contend, as stated, that paragraph 3 of Butler's removal petition was sufficient to meet the formal communication requirements of removal joinder.
 
 
 9
 Alternatively, the defendants contend that the removal statutes do not authorize sua sponte remands for a procedural defect in removal. Thus, the defendants contend that, regardless of whether the district court's decision to remand was proper, the court exceeded its authority in remanding the case sua sponte for a perceived procedural defect.
 
 A. Appellate Review
 
 10
 We must first address the question whether we have jurisdiction to review the validity of the remand order in light of 28 U.S.C. Secs. 1446-1447. Section 1447(d) specifically provides that, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."[4] Despite the apparent broad sweep of the statute, however, the Supreme Court has precluded a literal implementation of Sec. 1447(d). Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The Court in Thermtron held that "only remand orders issued under Sec. 1447(c) and invoking the grounds specified therein ... are immune from review under Sec. 1447(d)." Thermtron, 423 U.S. at 346, 96 S.Ct. at 590.[5] Section 1447(c), as amended in 1988, provides:
 
 
 11
 A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
 
 
 12
 Section 1447(c) thus articulates two grounds for remand: 1) a "defect in the removal procedure," and 2) the absence of subject matter jurisdiction. Therefore, an order of remand issued pursuant to either of these grounds is beyond all power of appellate review, even if based on erroneous principles or analyses. Van Meter v. State Farm Fire and Casualty Co., 1 F.3d 445, 449 (6th Cir.1993); In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173, 983 F.2d 725, 727 (6th Cir.1993).
 
 
 13
 The defendants contend, however, that since the district court only cited to Sec. 1446 in its remand order and not Sec. 1447(c), appellate review for this reason is appropriate. We disagree. A district court need not cite Sec. 1447(c) in its remand order for the Sec. 1447(d) bar to apply so long as the order was in fact issued pursuant to a ground specified in Sec. 1447(c), i.e., a defect in removal procedure or lack of subject matter jurisdiction. Van Meter, 1 F.3d at 449. Here, as stated, the district court ruled that the removal notice was procedurally defective under Sec. 1446(b).[6] Failure to comply with the requirements of Sec. 1446(b) constitutes a "defect in removal procedure." In re Continental Casualty Co., 29 F.3d 292, 294 (7th Cir.1994). Thus, the district court's remand order was based on Sec. 1447(c), and an application of Sec. 1447(d) prohibits this court from reviewing the district court's ruling that the defendants failed to comply with the procedural requirements of Sec. 1446(b).
 
 
 14
 B. Is a sua sponte remand authorized by the removal statutes?
 
 
 15
 Generally, the application of the Sec. 1447(d) bar of appellate review would end our inquiry. However, the fact that the district court remanded the case to state court sua sponte, rather than responding to a party's motion, requires this court to determine, as the defendants further contend on appeal, whether such action is authorized by the removal statutes. Although Thermtron's interpretation of Sec. 1447(d) prohibits us from reviewing whether the remand order was substantively proper, i.e., whether the district court applied Sec. 1446 properly, it does not prohibit us from determining whether the district court exceeded its statutory authority by issuing the remand in this manner, i.e., sua sponte. See In re Continental Casualty Co., 29 F.3d 292 (7th Cir.1994); In re Amoco Petroleum Additives Co., 964 F.2d 706 (7th Cir.1992). In other words, we must decide whether the district court in the instant case possessed the authority under Sec. 1447(c) to issue the remand order sua sponte for purely procedural defects. If Sec. 1447(c) does in fact authorize a sua sponte remand for procedural defects, then the district court did not exceed its statutory authority and, as stated, we are barred from reviewing the validity of the district court's remand order. If a sua sponte remand is unauthorized by Sec. 1447(c), however, then not only was the district court in error, but we may vacate the remand order and direct the district court to reinstate the case to its docket.[7]
 
 
 16
 This issue, whether Sec. 1447(c) authorizes sua sponte remands for procedural defects, is one of first impression in this circuit. Prior to the 1988 amendments to Sec. 1447(c), a court was allowed to remand "[i]f at any time before final judgment it appear[ed] that the case was removed improvidently and without jurisdiction...." 28 U.S.C. Sec. 1447(c) (1973) (repealed 1988). The 1988 amendments to Sec. 1447, however, made significant changes to the rule. The first sentence of Sec. 1447(c) now states that, with respect to remands grounded on procedural defects, a "motion to remand" must be made "within 30 days after the filing of the notice of removal...."[8] Specifically, we are faced with the question of whether the inclusion of the word "motion" in the 1988 amendments to Sec. 1447(c) refers exclusively to motions made by the parties, or alternatively, includes a district court's sua sponte remand.
 
 
 17
 A few district courts interpreting the 1988 amendments to the removal statute have concluded that the phrase "motion to remand" includes a district court's sua sponte remand. Corry v. City of Houston, 832 F.Supp. 1095 (S.D.Tex.1993); Cassara v. Ralston, 832 F.Supp. 752, 754 (S.D.N.Y.1993); see also Averdick v. Republic Fin. Servs., Inc., 803 F.Supp. 37 (E.D.Ky.1992). In essence, these courts conclude that the purpose behind amending 1447(c) was not to limit the court's power to remand a case sua sponte, but rather, to require that remands based on procedural defects be sought within thirty days after removal. Corry, 832 F.Supp. at 1096-97;[9] Cassara, 832 F.Supp. at 753-54.
 
 
 18
 On the other hand, the Courts of Appeals for the Fifth and Seventh Circuits have recently addressed this issue, and have flatly rejected that position. In re Allstate Ins. Co., 8 F.3d 219 (5th Cir.1993); In re Continental Casualty Co., 29 F.3d 292 (7th Cir.1994). In In re Allstate, the Fifth Circuit first noted that the district court has no inherent authority; either the statute provides the court with the authority to remand, or it does not. Following this rationale, the court concluded that Sec. 1447(c)'s second sentence "assigns to the court concern for its jurisdictional prerequisites [i.e., subject matter jurisdiction]; the first consigns procedural formalities to the care of the parties." In re Allstate Ins. Co., 8 F.3d at 223. Finding this to be a warranted distribution of responsibility, the court held that Sec. 1447(c) does not confer upon the district courts discretion sua sponte to remand for purely procedural defects. Id. The court of appeals reasoned:
 
 
 19
 Where a removed plaintiff, by its inaction, has acquiesced in federal jurisdiction, for example, it hardly will do for the court sua sponte to interfere with the parties' apparent choice of forum. In such circumstances, where subject matter jurisdiction exists and any procedural shortcomings may be cured ... we can surmise no valid reason for the court to decline the exercise of jurisdiction.
 
 
 20
 Id.
 
 
 21
 The Seventh Circuit, also addressing the precise issue of sua sponte remands based exclusively on procedural defects, agreed with the result in In re Allstate, although it did not embrace all of the Fifth Circuit's reasoning. In re Continental Casualty Co., 29 F.3d 292 (7th Cir.1994). The Seventh Circuit concluded that procedural defects in removal are, in this respect, similar to lack of personal jurisdiction, and therefore, may be waived. The court reasoned that a plaintiff has a right to remand if the defendant removed improperly, but also may accept the defendant's choice of a federal forum. Id. at 294. "Having found himself in federal court after removal, the plaintiff may want to stay there." Id. Thus, in the court's opinion, the power of a sua sponte remand could deprive both parties of their preferred forum. The Seventh Circuit, therefore, held that a district court cannot, sua sponte, remand a case for purely procedural defects. Id.
 
 
 22
 We conclude that the decisions of the Fifth and Seventh Circuits present a more logical interpretation of the current statute. We hold, therefore, that there is a distinction in the statute between defects in removal procedure, which are waived unless raised in a plaintiff's motion within thirty days after removal, and lack of subject matter jurisdiction, which requires the court to remand at any time prior to final judgment. Thus, Sec. 1447(c) does not authorize sua sponte remands for purely procedural defects.
 
 
 23
 The district court in Cassara placed great importance on the fact that, according to BLACK'S LAW DICTIONARY, the word sua sponte means "[o]f his or its own will or motion." Although the definition of sua sponte does refer to the term "motion," the definition of "motion," however, does not contemplate something a court does on its own. Rather, "motion" is defined as "[a]n application made to a court or judge for the purpose of obtaining a rule or order directing some act to be done in favor of the applicant." BLACK'S LAW DICTIONARY 1013 (6th ed. 1990) (emphasis added). While definitions found in the Dictionary are certainly not dispositive of cases such as this, we agree that the most logical interpretation of the term motion as used in Sec. 1447(c) is that which a party requests a court to do, not what a court does on its own accord. To find otherwise, the statute would, in essence, be authorizing a court to make an application for relief to itself.
 
 
 24
 We also agree with the Fifth Circuit's reasoning in In re Allstate that the two sentences of Sec. 1447(c) distribute different roles to the court and the parties. Not only did Congress incorporate the word "motion" in the 1988 amendments where it had previously been absent, but it did so only in the first sentence, i.e., for procedural defects. The first sentence of Sec. 1447(c) requires that a "motion" must be made "within 30 days after the filing of the notice of removal" to remand a case on the basis of a procedural defect. The second sentence, however, without mentioning "motion," requires that if the district court lacks subject matter jurisdiction, "the case shall be remanded." Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion. The inclusion of the term motion with respect to procedural defects, however, implies that a court must wait for a "motion" by a party before it is authorized by Sec. 1447(c) to remand. The statute simply delegates different roles to a district court.
 
 
 25
 Moreover, the legislative history to the 1988 amendments, as noted by the Fifth Circuit, appears to prescribe such a holding:
 
 
 26
 So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction.
 
 
 27
 In re Allstate Ins. Co., 8 F.3d at 223 (quoting H.R.REP. No. 889, 100th Cong., 2d Sess. 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6033).
 
 
 28
 A plaintiff may forgive the procedural defect and accept the defendant's preference of a federal forum. A district court should not interfere with an agreed upon forum until the plaintiff, by motion, indicates an objection to the removal procedure or the court determines that subject matter jurisdiction is lacking. As the Seventh Circuit (per Easterbrook, J.) noted, "quick action without inviting the parties' submissions may illustrate the adage that haste makes waste." In re Continental Casualty Co., 29 F.3d at 295. The removal statutes seek to prevent extended delays and the needless shuffling of cases. The application of the sua sponte remand in this case, however, has brought litigation on the merits of this case to an abrupt halt, and is a fitting example of why sua sponte remands on nonjurisdictional grounds run contrary to the goals of the statute.
 
 
 29
 Given the sound decisions in the Fifth and Seventh Circuits, we are persuaded that the better reading of Sec. 1447(c) prohibits a district court from remanding sua sponte for a procedural defect. We therefore REVERSE the district court's order of remand and direct that the case be reinstated to the district court docket.
 
 
 30
 SILER, Circuit Judge, dissenting.
 
 
 31
 I respectfully dissent, as I believe that this court does not have jurisdiction to review the validity of the remand order. As so aptly stated in the majority opinion, if the district court had the authority under 28 U.S.C. Sec. 1447(c) to remand the case to the state court because of procedural defects, this court is barred from reviewing the validity of the remand order. This is where I disagree with the conclusion by the majority, for I think that the district court had the inherent power to remand without a motion by the parties.
 
 
 32
 The two courts of appeal which have addressed the subject have supported the position of the majority herein, see In re Continental Casualty Co., 29 F.3d 292 (7th Cir.1994); In re Allstate Ins. Co., 8 F.3d 219 (5th Cir.1993). Nevertheless, Judge Easterbrook in In re Continental Casualty Co. did not seem to be fully committed to following the lead from Allstate when he stated:
 
 
 33
 What in Sec. 1447(c) prevents a remand sua sponte? Carnegie-Mellon [University v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ] holds that the list in Sec. 1447(c) is not exclusive. If district judges may remand cases for reasons that do not appear in Sec. 1447(c) at all, it is hard to treat the omission of a particular method from that subsection as dispositive.
 
 
 34
 Id. at 294. Of course, he goes on to agree with the result from Allstate, primarily on the basis that the court should wait for a motion, because the plaintiff who does not remove the case may accept the preference of the defendant for a federal forum. Obviously that is a valid policy reason for the court not to act sua sponte, but it does not finally answer the question of whether the court has the inherent power to act on its own to remand before a motion is actually filed by a party.
 
 
 35
 Instead, I would adopt the reasoning in Cassara v. Ralston, 832 F.Supp. 752, 754 (S.D.N.Y.1993), which holds that sua sponte remand for procedural defects is contemplated by the removal statute. See also Averdick v. Republic Fin. Servs., Inc., 803 F.Supp. 37, 43 (E.D.Ky.1992). The cases of Corry v. City of Houston, 832 F.Supp. 1095, 1097 (S.D.Tex.1993); and Blackmore v. Rock-Tenn Co., Mill Div., Inc., 756 F.Supp. 288, 289 (N.D.Tex.1991), stand for the same principle, but, as the majority opinion states, they can no longer be considered good law in light of Allstate. Nevertheless, their reasoning is valid. Therefore, I would affirm the decision of the district court, not on the grounds that it necessarily acted correctly, but on the grounds that this court does not have jurisdiction to review the order of remand.
 
 
 
 [1]
 The time limit for filing a notice of removal is provided in Sec. 1446(b), which states:
 The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
 28 U.S.C. Sec. 1446(b).
 
 
 [2]
 The City of Detroit, also a named defendant, was not served with process until September 13, 1993, over thirty days after Butler was served and therefore after the time allowed for filing a removal notice as that time was defined by the district court. The district court did not consider the status of the City of Detroit relevant or crucial to its ruling, and the City did not appeal the district court's order of remand. Thus, for the purposes of this appeal, only Sergeant Butler, Officer Essit, and the City of Southfield will be referred to as defendants
 
 
 [3]
 We note the obvious that, by applying the district court's interpretation of Sec. 1446(b), a defendant who is served with process twenty-nine days after the first defendant is served would have only one day in which to file a concurrence and that such interpretation of the statute, as we will see, is not subject to review on appeal. Moreover, under the district court's interpretation, a defendant who is served more than thirty days after the first defendant is served (as was the case with the City of Detroit) may then file a timely concurrence
 
 
 [4]
 Section 1447(d) also provides an exception that actions removed pursuant to Sec. 1443 are subject to review. That exception is not applicable here
 
 
 [5]
 Although the Supreme Court in Thermtron was construing a pre-1988 version of Sec. 1447(c), courts have since held that the principle of Thermtron is equally applicable to the present version of Sec. 1447(c). In re Shell Oil Co., 932 F.2d 1518 (5th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); Air-Shields, Inc. v. Fullam, 891 F.2d 63 (3rd Cir.1989)
 
 
 [6]
 The order of remand in the instant case stated that each served defendant "must formally communicate to the court, either orally or in writing his consent to the removal, and he must do so within 30 days after service is first accomplished on any of the defendants." (emphasis added). According to the district court, the fatal defect in the removal notice was the fact that neither the City of Southfield nor Officer Essit formally joined in, or consented to, the removal within thirty days after defendant Butler was served. Thus, the district court considered the removal notice "incurably defective."
 
 
 [7]
 Although the defendants in our case did not seek a writ of mandamus, we have the authority to treat a notice of appeal as a petition for writ of mandamus. Van Meter v. State Farm Fire and Casualty Co., 1 F.3d 445, 451 (6th Cir.1993); Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1500-01 (8th Cir.1992)
 
 
 [8]
 We recognize that if a district court determines that the second ground of Sec. 1447(c) is satisfied, i.e., the court lacks subject matter jurisdiction over the case, the court can sua sponte remand the case to state court at any time prior to final judgment
 
 
 [9]
 In light of In re Allstate Ins. Co., 8 F.3d 219 (5th Cir.1993), discussed below, Corry can no longer be considered good law