In re **GOLD MESSENGER, INC.,** Debtor.

**CAMPBELL BOHN & LEFFERT, LLC,**
a Colorado limited liability company,
**Plaintiff/Appellee,**

v.

**GOLD MESSENGER, INC.,** a Colorado
corporation, **Defendant/Appellant,**

**Donald A. Kittelson and Patricia
N. Kittelson, Defendants.**

Bankruptcy No. 97–22846 DEC.
Civil Action No. 98–K–465.
Adversary No. 97–1912 SBB.

United States District Court,
D. Colorado.

May 21, 1998.

Michael G. Bohn, James X. Quinn, Campbell, Bohn & Leffert, L.L.C., Denver, CO, for Plaintiff/Appellee.

Patrick D. Vellone, Curtis L. Clay, Vinton Nissler Allen & Vellone, P.C., Denver, CO, for Defendant/Appellant.

## MEMORANDUM DECISION
## ON APPEAL

KANE, Senior District Judge.

Appellant Gold Messenger, Inc. ("GMI") seeks appellate review of a January 27, 1998 order of the bankruptcy court, remanding Adversary Proceeding No. 97–1912–SBB to the District Court in and for the City and County of Denver, Colorado. Review is sought under 28 U.S.C. §§ 158(a) and 1452(b).[1] The issue is whether or the bankruptcy court erred in remanding a matter based upon a procedural defect, even though Campbell Bohn & Leffert, LLC ("CBL") failed to file a timely motion for remand under 28 U.S.C. § 1447(c).[2] I grant the appeal and reverse the order of remand.

### I. *Statement of Facts.*

On May 30, 1997, CBL filed an action in the District Court for the City and County of Denver against GMI and its two principals, Donald and Patricia Kittelson, asserting state law claims for breach of contract and unjust enrichment arising out of the defendants' failure to pay for legal services associated with CBL's former legal representation of the Kittelsons and GMI. No counterclaims have been asserted.

GMI filed its petition for bankruptcy relief on September 2, 1997. On December 2, 1997, GMI and the Kittelsons filed a Notice of Removal of the Lawsuit pursuant to 28 U.S.C. § 1452 and Fed.R.Bankr.P. 9027, seeking to remove the lawsuit to bankruptcy court. The Kittelsons have not filed a petition for bankruptcy.

In their Notice of Removal, GMI and the Kittelsons misrepresented that GMI's bankruptcy case was filed on September 3, 1997. On December 15, 1997, CBL filed a Statement Regarding Notice of Removal objecting to removal of the lawsuit, in part because of GMI's untimely filing of the Notice of Removal.

On December 18, 1997 the bankruptcy court set a hearing regarding the Notice of Removal. At the hearing on January 22, 1998, the timeliness of the Notice of Removal was addressed. The bankruptcy court stated it would evaluate the timeliness issue and requested CBL to file its Motion to Remand on or before January 26, 1998. On January 27, 1998, the court refused to accept the removal and remanded the case to Denver District Court on the grounds that the Notice of Removal was not timely filed.[3]

On January 28, 1998, the bankruptcy court entered an Order on Plaintiff's Motion for Remand of Removed Cause of Action, stating

---

**1.** Section 158 provides:
 (a) The district courts of the United States shall have jurisdiction to hear appeals
 (1) from final judgments, orders, and decrees;
 (2) from interlocutory orders and decrees issued under section 1121(d) increasing or reducing the time periods referred to in section 1121 of such title; and
 (3) with leave of the court, from other interlocutory orders and decrees . . . .
 28 U.S.C. § 158(a).
 Section 1452 addresses removal of claims related to bankruptcy cases and provides in pertinent part:
 (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not [sic] remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States . . . .

28 U.S.C. § 1452(b).

**2.** Section 1447, entitled "procedure after removal generally" pertinently provides:

 (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
 28 U.S.C. § 1447(c).

**3.** Pursuant to Fed.R.Bankr.P. 9027(a)(2), the time for filing a notice of removal is ninety days after the order for relief in the bankruptcy case is entered. Here, the bankruptcy case was filed on September 2, 1997 and the notice of removal on December 2, 1997. The bankruptcy court determined the notice of removal was filed on the ninety-first day and was therefore out of time.

its order of the previous day remanding the case "effectively and dispositively treated the issues raised in the Plaintiff's Motion for Remand of Removed Cause of Action and rendered the issues therein moot." (A.R.8.)

GMI filed a Motion to Reconsider the Remand Order, alleging that CBL's motion for remand had not been timely filed pursuant to 28 U.S.C. § 1447(c).[4] On April 21, 1998, the bankruptcy court denied GMI and the Kittelson's motion for reconsideration. The bankruptcy court stated GMI's allegation that CBL's motion for remand was untimely pursuant to 28 U.S.C. § 1447(c) was irrelevant because (1) the court had sua sponte remanded the case to the state court as the notice of removal was not timely filed, and (2) the January 28, 1998 order in response to the Plaintiff's Motion for Remand did not grant that motion but stated the January 27, 1998 order rendered the issues in the motion moot.

On March 12, 1998, the bankruptcy court awarded reasonable attorney fees and costs to CBL's counsel and against GMI's counsel pursuant to 28 U.S.C. § 1447(c), terming "inaccurate and misleading" GMI's contention in the course of seeking removal that it had filed its bankruptcy petition on September 3 (rather than September 2), 1997. (A.R. 19 at 2.)[5]

## II. Jurisdiction.

■ Jurisdiction exists to hear this appeal. Although a bankruptcy court's order remanding an action to state court is not reviewable by the court of appeals or the Supreme Court of the United States, 28 U.S.C. § 1452(b), the district court has jurisdiction to hear appeals from remand decisions. *Midgard Corp. v. Kennedy*, 204 B.R. 764, 767–8 (10th Cir. BAP 1997) (finding the appellate jurisdiction of the bankruptcy appellate panel is the same as that of a district court, arising under 28 U.S.C. § 158(a)-(c), and is not limited by section 1452(b)); *see*

*also* 136 Cong.Rec.S 17,580 (daily ed. Oct. 27, 1990) (remarks of Sen. Grassley) (remand order subject to review by the district court, but not circuit courts of appeals); *Traylor v. First Family Financial Services, Inc.*, 192 B.R. 255, 257 (M.D.Ala.1995); *In re Ramada Inn–Paragould General Partnership*, 138 B.R. 63, 64 (Bankr.E.D.Ark.1992) ("if the bankruptcy court remands a case, an appeal to the district court is permitted under title 28"); *see* Thomas B. Bennett, *Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!*, 27 Cumb.L.Rev. 1037, 1088 (1996–1997) ("a Bankruptcy Court's remand determination is appealable to the District Court").

## III. Standard of Review.

I review the bankruptcy court's legal determinations de novo and its factual findings for clear error. *Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir.1994).

## IV. Merits.

GMI cites 28 U.S.C. § 1447(c) which requires a motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction to be made within 30 days after the filing of the notice of removal under § 1446(a). It asserts CBL's motion to remand was untimely and the bankruptcy court lacks the ability under § 1447(c) to make a sua sponte determination outside the scope of a timely motion to remand.

■ If no motion to remand due to a defect in removal procedure is filed within thirty days of removal, the non-moving party's right to request remand is waived. *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir.1995). While the Supreme Court has not spoken, several circuits have held that a district court cannot remand a case sua sponte based on procedural defects after the thirty-day period to remand under § 1447(c) has expired.[6] *See*

---

4. Section 1447(c) provides:

 A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded....
28 U.S.C. § 1447(c).

5. The issue of the award of attorney fees and costs is not before me on appeal.

6. In *Things Remembered, Inc. v. Petrarca*, Justice Ginsburg, concurring, noted: "Section 1452(b) is

*Maniar v. FDIC,* 979 F.2d 782, 785 (9th Cir.1992); *FDIC v. Loyd,* 955 F.2d 316, 321 (5th Cir.1992); *Air-Shields, Inc. v. Fullam,* 891 F.2d 63, 65 (3d Cir.1989). Further, some circuits have held that sua sponte remands are never authorized because § 1447(c) implies that the court can only act "upon motion." *See Page v. City of Southfield,* 45 F.3d 128, 131 (6th Cir.1995), *In re Continental Casualty Co.,* 29 F.3d 292, 294 (7th Cir. 1994); *In re Allstate Ins. Co.,* 8 F.3d 219, 223 (5th Cir.1993).[7] I think this latter view is imprudent for two reasons: First, serious issues of comity arise when a removal is attempted during a state court hearing or trial. Second, an absolute ban should not rest upon an implication. One should never say never.

 A plaintiff has a right to remand if the defendant removed improperly, but also may accept the defendant's choice of a federal forum and want to stay there. A sua sponte remand is inappropriate as it could deprive both parties of their preferred forum. *See, e.g., Page,* 45 F.3d at 134 ("sua sponte remands on nonjurisdictional grounds run contrary to the goals of the statute"). *A fortiori,* where, as in the instant case, the bankruptcy judge makes a sua sponte remand for a procedural defect after the thirty day period from the filing of the notice of removal, such remand is based on a waived defect.

## V. *Conclusion.*

For the aforesaid reasons I find the bankruptcy court was without authority to make the sua sponte remand to the state district court on January 27, 1998 and grant the appeal. Accordingly,

IT IS ORDERED THAT the bankruptcy court's January 27, 1998 Order remanding Adversary Proceeding No. 97–1912–SBB to the District Court in and for the City and County of Denver, Colorado, is REVERSED.

most sensibly read largely to supplement, and generally not to displace, the rules governing cases removed from state courts set out in 28 U.S.C. § 1447." 516 U.S. 124, 129, 116 S.Ct. 494, 498, 133 L.Ed.2d 461 (1995). The Court held if a district court order remands a removed bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, a court of appeals lacks jurisdiction to review the order under § 1447(d). Although not an express holding of that case, the principle expressed therein informs my premise that § 1447(c) also governs removals

under § 1452(a). *See* Thomas B. Bennett, *supra* 27 Cumb.L.Rev. at 1076.

**7.** CBL relies on the district court's decision in *Corry v. City of Houston,* 832 F.Supp. 1095, 1096–97 (S.D.Tex.1993), concluding that § 1447(c) does not limit the court's power to remand a case sua sponte but requires that remands based on procedural defects be sought within thirty days after removal. In light of *In re Allstate Ins. Co.,* 8 F.3d at 223, *Corry* can no longer be considered good law. *See, Page,* 45 F.3d at 132 n. 9.