*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0049p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
—————————————

DONALD MUSIC,

  *Plaintiff-Appellant,*

  *v.*

ARROWOOD INDEMNITY COMPANY,

  *Defendant-Appellee.*

No. 10-5056

—————————————

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 09-00098—Amul R. Thapar, District Judge.

Argued: January 18, 2011

Decided and Filed: February 11, 2011

Before: SILER, GILMAN, and GRIFFIN, Circuit Judges.

—————————————

## COUNSEL

**ARGUED:** Nicholas C.A. Vaughn, Somerset, Kentucky, for Appellant. Donald L. Miller, II, QUINTAIROS, PRIETO, WOOD & BOYER, Louisville, Kentucky, for Appellee. **ON BRIEF:** Nicholas C.A. Vaughn, Somerset, Kentucky, for Appellant. Donald L. Miller, II, QUINTAIROS, PRIETO, WOOD & BOYER, Louisville, Kentucky, for Appellee.

—————————————

## OPINION

—————————————

GRIFFIN, Circuit Judge. On July 20, 2009, defendant Arrowood Indemnity Company removed this bad-faith insurance action to federal court on the basis of diversity of citizenship jurisdiction. More than 30 days thereafter, on October 27, 2009, plaintiff Donald Music moved to remand, claiming that Arrowood failed to remove within one year after the action was commenced as required by 28 U.S.C. § 1446(b).

1

The district court denied the motion, holding that Music had forfeited any objections to Arrowood's removal through his failure to timely move for remand.

This case presents the question of whether the one-year time limitation for the removal of diversity cases is a procedural rule, which is subject to forfeiture, or a jurisdictional mandate, which may be raised anytime prior to final judgment. Upon review, we hold that the one-year time limitation rule for removal, 28 U.S.C. § 1446(b), is procedural, not jurisdictional, and therefore subject to forfeiture.

I.

In 1997, Music was involved in a car accident with Larry Carpenter. Carpenter thereafter filed a negligence action against Music in Kentucky state court. Music notified Tri-City Insurance and Mayo State Vocational School, Arrowood's alleged predecessors in interest, of the claims against him. These entities provided no defense to Music, and, as a result, a default judgment was entered against him in the amount of $392,310.06.

On May 23, 2006, after being unable to collect on his judgment against Music, Carpenter filed suit against his insurance company, Globe American Casualty Company, for uninsured motorist benefits. On July 18, 2007, Globe filed a third-party complaint against Music for indemnity.

In 2008, Music filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Kentucky. Music listed Carpenter's uninsured-motorist lawsuit as a pending action in his bankruptcy petition. Music did not list a claim against any insurance entity, including Arrowood, as an asset on the petition. On September 16, 2008, the Bankruptcy Court granted Music a complete discharge.

On January 15, 2009, Music filed a fourth-party complaint against Arrowood, alleging that it acted in bad faith in refusing to defend him in the initial negligence action brought by Carpenter. Arrowood moved to sever this bad-faith claim from the underlying uninsured-motorist action. The district court granted the motion and, on July 9, 2009, ordered severance.

On July 20, 2009, Arrowood removed the bad-faith action to the United States District Court for the Eastern District of Kentucky based upon diversity jurisdiction. The parties do not dispute that they are diverse:  Music is a Kentucky resident and Arrowood is a Delaware corporation with its principal place of business in North Carolina.  Nor do the parties dispute that the requisite jurisdictional amount is met. However, on October 27, 2009, Music moved to remand the action to state court, alleging that the case was removed more than one year after the action was commenced, in violation of 28 U.S.C. § 1446(b).  The district court denied the remand motion because it was filed more than 30 days after the filing of the notice of removal.  As a result of Music's tardiness, the district court held that he had forfeited any objection to the alleged removal defect, which it characterized as procedural.

Thereafter, the district court granted summary judgment in favor of Arrowood. Specifically, the court held that Music was estopped from asserting a bad-faith claim because no such claim was listed as an asset in his bankruptcy petition.  Music now appeals, challenging the denial of his motion to remand.[1]  We affirm.

II.

Music argues that the district court erred in denying his motion to remand.  We assess this claim of error de novo. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 338 (6th Cir. 1989).

The procedures for removing an action to federal court are provided by 28 U.S.C. § 1446. Specifically, when an action is not immediately removable when filed,[2] but later becomes removable, the statute provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

---

[1] Music also appealed the district court's grant of summary judgment.  However, Music failed to address this portion of the appeal in his briefs or at oral argument.  Accordingly, it is abandoned. *See Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003) ("An appellant waives an issue when he fails to present it in his initial briefs before this court.").

[2] Carpenter's uninsured-motorist action was not removable when filed because he claimed less than $75,000 in damages.

> through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action.*

§ 1446(b) (emphasis added). Contending that Arrowood failed to remove the action within the requisite one-year period, Music moved for remand. However, it is undisputed that Music failed to file his motion in a timely manner. Pursuant to 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Accordingly, Arrowood contends that Music forfeited any objection to its removal through his failure to timely move for remand within 30 days after the removal. In contrast, Music asserts that the one-year limitation for the removal of diversity cases is not a procedural rule, but a jurisdictional mandate that may be raised anytime prior to final judgment. *See Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) (holding that procedural removal defects are subject to forfeiture, while jurisdictional defects are not).

Assuming, without deciding, that Arrowood removed this matter more than one year after the "commencement" of the action,[3] we hold that the one-year limitation is a procedural requirement. Accordingly, by failing to timely move for remand, Music forfeited his objection regarding the alleged untimeliness of Arrowood's removal.

---

[3] Arrowood contends that its removal did not fall outside of the one-year limitation period because the state court's severance of Music's bad-faith claim "commenced" the action for purposes of § 1446(b). Because we hold that Music forfeited any objections regarding the one-year limitation, we need not address this argument.

Every circuit court to address the issue has held that the one-year limitation on the removal of diversity cases is a procedural requirement.[4] *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 616 (3d Cir. 2003) (holding that the "failure to remove within the one-year time limit established by § 1446(b) is not a jurisdictional defect"); *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) (addressing the one-year limitation and holding that "[t]he untimeliness of a removal is a procedural, instead of a jurisdictional, defect"); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) (holding that plaintiff forfeited his opportunity to challenge the failure to remove within the one-year limitation period).

In addition, the Supreme Court has intimated that the one-year limitation on removal is procedural. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 n.13 (1996). In *Caterpillar*, the action was removed to federal court after the plaintiff settled with a diversity-destroying defendant. *Id.* at 65. The notice of removal was filed one day before the one-year removal period expired, but before the diversity-destroying defendant was properly dismissed from the lawsuit. *Id.* The Supreme Court noted that because the plaintiff did not raise the issue of the one-year limitation period before the filing of its substantive brief, the argument may be waived, stating: "[A] nonjurisdictional argument not raised in a respondent's brief in opposition to a petition for a writ of certiorari may be deemed waived." *Id.* at 75 n.13 (internal quotation marks and citation omitted). Accordingly, the Supreme Court has described the one-year limitation as "nonjurisdictional" and waivable.

This court has not decided in a published opinion whether the one-year limitation period of § 1446(b) is a procedural or jurisdictional requirement. However, we have held that the requirements of § 1446(b) are generally procedural. *See Page*, 45 F.3d at 131 ("Failure to comply with the requirements of § 1446(b) constitutes a defect in removal procedure." (internal quotation marks and citation omitted)). Moreover, we

---

[4]Music contends that the Fourth Circuit in *Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir. 1997), held the one-year limitation to be a jurisdictional requirement. *Lovern* contains no such holding. Rather, the opinion merely notes that exceeding the one-year period is an "absolute bar to removal of cases" for which jurisdiction is premised on diversity. *Id.* at 163. This dicta statement does not address whether this "bar" is procedural or jurisdictional.

have ruled that the thirty-day time requirement of § 1446(b) is procedural.  *See Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) ("The strict time requirement for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." (internal quotation marks and citations omitted)); *Lanier v. The Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) (holding thirty-day time period of § 1446(b) to be procedural).  There is no reasoned basis to hold differently with regard to the one-year limitation.  "[N]othing in the text of the statute suggests that the one-year limit operates differently from the 30-day limit.  Neither provision expressly purports to limit federal jurisdiction, and the prohibitive terms of the one-year limit . . . are no more mandatory than the compulsory terms of the 30-day limit[.]"  *Ariel*, 351 F.3d at 614-15.  Indeed, we have previously held that where a statute limiting removal did not *expressly* restrict the jurisdiction of the federal courts, the requirements of the statute were procedural and thus waivable.  *Carpenter v. Baltimore & O.R. Co.*, 109 F.2d 375, 379 (6th Cir. 1940) (holding a statute limiting the removal of cases to federal court to be procedural in part because the statutory language "does not purport to limit the jurisdiction of the District Court but confers a personal privilege on the parties which may be waived").

We note that, in an unpublished opinion, a panel of this court in *Brock v. Syntex Laboratories, Inc.*, 7 F.3d 232, 1993 WL 389946, at *1 (6th Cir. Oct. 1, 1993) (unpublished table opinion), held that the one-year limitation period is a jurisdictional mandate, and therefore not subject to forfeiture.  We respectfully disagree with the *Brock* decision, and for the reasons stated herein, choose not to follow it.  *See United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007) (noting that unpublished opinions are not binding precedent under the doctrine of stare decisis); *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 789 (6th Cir. 2005) (same).  *Brock* cites no authority for its holding and, as detailed above, is inconsistent with the published opinions of our court.

### III.

In conclusion, we hold that the one-year time limitation rule for removal, 28 U.S.C. § 1446(b), is procedural, not jurisdictional, and therefore subject to forfeiture. Accordingly, we affirm the judgment of the district court because it correctly ruled that Music forfeited his objection to the removal.