**KELTON ARMS CONDOMINIUM OWNERS ASSOCIATION, INC.,** Plaintiff–Appellee,

v.

**HOMESTEAD INSURANCE COMPANY, Defendant–Appellant.**

No. 02–55724.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2003.

Filed Oct. 14, 2003.

Howard Wollitz, Allan J. Favish, Charlston, Revich & Chamberlin, L.L.P., Los Angeles, CA, for the defendant-appellant.

Matthew S. Shorr, Hunt, Ortmann, Blasco, Palffy & Rossell, Inc., Pasadena, CA, for the plaintiff-appellee.

Before B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District Judge.*

MARTONE, District Judge.

■ We are asked to decide whether the federal removal statute, 28 U.S.C. § 1447(c), allows the district court to remand a case *sua sponte* for a non-jurisdictional defect in procedure. We hold that it does not.

## I.

Kelton Arms Condominium Association, Inc. (Kelton), filed an action on December 28, 2001, in the Superior Court of California against Homestead Insurance (Homestead), alleging breach of contract and bad faith. Kelton served its complaint on Homestead on March 8, 2002. Homestead removed the case on March 28th. Homestead did not identify the service date in the removal papers.

The district court remanded the case *sua sponte* on April 4th, stating only that the case had been "improperly removed."

Homestead filed a motion to reconsider asking the district court to state the basis of its order. It suspected that the district court might have remanded based upon abstention. Homestead later supplemented its motion, fearing that the district court might have remanded because it erroneously believed that removal was untimely under 28 U.S.C. § 1446(b). Homestead submitted a declaration stating that service had been made on March 8th, and therefore removal was timely under section 1446(b). The motion to reconsider was denied without comment.

## II.

■ We first address our jurisdiction to review the remand order. Other than one exception not applicable here, 28 U.S.C. § 1447(d) states that a remand order "is not reviewable on appeal or otherwise." Despite this broad prohibition, the United States Supreme Court has held that section 1447(d) must be read together with section 1447(c). *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), *abrogated on other grounds in Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). Section 1447(d) precludes review only of remands made pursuant to section 1447(c). *Id.* at 346, 96 S.Ct. 584.

■ Thus, if the district court lacked authority to remand under section 1447(c), section 1447(d) would not preclude review. If, on the other hand, the district court had the power to remand *sua sponte* under section 1447(c), section 1447(d) would apply, and we would have no jurisdiction to review even if the remand was erroneous.

* The Honorable Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

■ Thus, the question of jurisdiction is tied to the merits. This is one of those rare cases in which we must decide the merits to decide jurisdiction. We, of course, have jurisdiction to decide jurisdiction.

## III.

■ We turn to the issue of whether the district court had the authority to remand a case *sua sponte* for a non-jurisdictional procedural defect under section 1447(c). The full text of section 1447(c) provides:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

In *Maniar v. FDIC*, 979 F.2d 782, 786 (9th Cir.1992) we held that the thirty day limit applied to *sua sponte* remands, but we specifically "assum[ed] without deciding that a district court may remand *sua sponte* for procedural defects in a removal." *Id.* We did not decide the question of whether the district courts may remand *sua sponte* because we did not have to— the court remanded more than thirty days after removal. Since then, five other circuits have addressed the question. Each has held that the district courts have no authority to remand a case *sua sponte* for procedural defects. *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317 (11th Cir.2001); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445 (3d Cir.2000); *Page v. City of Southfield*, 45 F.3d 128 (6th Cir.1995); *In re Cont'l. Cas. Co.*, 29 F.3d 292 (7th Cir. 1994); *In re Allstate Ins.*, 8 F.3d 219 (5th Cir.1993). We recognize that procedural rules are best applied uniformly, and we decline to create a circuit split unless there is a compelling reason to do so. *Maniar*, 979 F.2d at 785. Here, there is no reason to do so that is not outweighed by the sound considerations noted by the other circuits.

■ The first sentence of section 1447(c) "consigns procedural formalities to the care of the parties." *In re Allstate*, 8 F.3d at 223. The second sentence "assigns to the court concern for its jurisdictional prerequisites." *Id.; see also Page*, 45 F.3d at 133. This division makes sense. Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction. *See Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998).

■ In contrast, procedural requirements exist primarily for the protection of the parties. Like personal jurisdiction, they can be waived. *Whole Health*, 254 F.3d at 1321; *Page*, 45 F.3d at 134; *Cont'l. Cas.*, 29 F.3d at 294. A plaintiff may wish to remain in federal court even though he or she originally filed in state court. For example, a plaintiff might do this simply to expedite the litigation.

Our holding also decreases the likelihood of unreviewable error. This case illustrates the problem. The district court gave no specific reason for its decision and remanded the case without notice to the parties. Because Homestead failed to identify the date of service in its removal papers, the district court likely assumed that removal was untimely and therefore procedurally defective. *See Maniar*, 979 F.2d at 785 (untimely removal is a procedural defect). Yet not even Kelton argues

that Homestead's removal was actually untimely.

## IV.

Recognizing that every other circuit has concluded that the district court has no such authority, and that there are good and sufficient reasons to reach this conclusion, we hold that the district court cannot remand *sua sponte* for defects in removal procedure. We further hold that because the district court lacked authority to remand *sua sponte* under section 1447(c), section 1447(d) interposes no jurisdictional barrier to review. The district court's remand order is VACATED and the case is REMANDED to the district court for further proceedings consistent with this opinion.

VACATED and REMANDED.