**Albert K. CHIANG, Plaintiff—Appellee,**

v.

**OTIS ELEVATOR COMPANY, a New Jersey corporation, Defendant—Appellant,**

**and**

**Does, 1 To 100, Defendant.**

**In re: Otis Elevator Co.,**

**Otis Elevator Co., Petitioner,**

v.

**United States District Court for the Central District of California, Respondent,**

**Albert K. Chiang, Real Party in Interest.**

**Nos. 02–56954, 02–71119.**

**D.C. No. CV–02–01956–AHM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Jan. 27, 2004.

---

Wallace R. Vernoff, Pasadena, CA, for Plaintiff–Appellee/Real Party in Interest.

Ronald J. Klepetar,Steven Prough, Jenkens & Gilchrist, Los Angeles, CA, for Defendant–Appellant.

No appearance, for Defendant/Respondent.

Ronald J. Klepetar, Los Angeles, CA, for Petitioner.

Before PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Otis Elevator Company brings this consolidated appeal and petition for writ of mandamus challenging a sua sponte remand by the district court for the Central District of California. The case involves claims for breach of contract and breach of the covenant of good faith and fair dealing in connection with Albert K. Chiang's employment with Otis Elevator. In March 2002, Otis Elevator removed this case to federal court on diversity grounds. The district court sua sponte remanded the case to state court, after finding that the notice of removal was defective. Specifically, the district court found that, although Otis Elevator had attached copies of the Amended Complaint and Amended Answer to the Notice of Removal, it had failed to attach the original Complaint and Answer, as required by 28 U.S.C. § 1446(a).

At the time of the remand, this Circuit had not yet decided whether a district court had the authority to make a sua sponte remand based on a non-jurisdictional procedural defect. In our recent decision, *Kelton Arms Condominium Owners Association, Inc. v. Homestead Insurance Co.*, 346 F.3d 1190, 1192–93 (9th Cir.2003), however, we held that a district court lacks the authority to make such a remand. *Kelton Arms* controls this case. It is clear from the papers that were filed with the Notice of Removal that removal was timely and that diversity jurisdiction exists. As such, Otis Elevator's failure to attach copies of the original Complaint and Answer was a purely procedural defect. Because the defect was not jurisdictional, the district court did not have the authority to make a sua sponte remand. We therefore vacate the district court's remand order and remand the case to the district court for further proceedings. We dismiss the petition for mandamus as moot.

VACATED AND REMANDED at 02–56954.

DISMISSED AS MOOT at 02–71119.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.