William RASMUSSEN, Plaintiff—
Appellee,

v.

ALLIANCE OF MOTION PICTURE
& TELEVISION PRODUCERS;
et al., Defendants,

and

Studio Transportation Drivers Local 399
of The International Brotherhood of
Teamsters, Defendant—Appellant.

No. 03–55985.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 16, 2004.

Michael Sisson, Los Angeles, CA, for
Plaintiff–Appellee.

Robert A. Cantore, Esq., Los Angeles,
CA, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER and
BEA, Circuit Judges.

MEMORANDUM **

The Studio Transportation Drivers, Local # 399 of the International Brotherhood of Teamsters (the "Union") appeals the district court's order *sua sponte* remanding to state court a breach of contract action brought by William Rasmussen, and the district court's denial of the Union's motion for reconsideration of the remand order. Rasmussen originally brought the action in state court, and the Union removed the action to federal court as preempted by the Labor Management Relations Act. The district court remanded based on the Union's failure to provide copies of all process, pleadings, and orders that were served upon each of the removing defendants, as required by 28 U.S.C. § 1446(a).

At the time of the remand, this Circuit had not yet decided whether a district court had authority to make a *sua sponte* remand based on a non-jurisdictional procedural defect. In our recent decision,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Kelton Arms Condominium Owners Association, Inc. v. Homestead Insurance Co.*, 346 F.3d 1190, 1192–93 (9th Cir.2003), we held that a district court lacks the authority to make such a remand. Because the district court's remand was based on a procedural defect, the district court did not have the authority to make a *sua sponte* remand. We therefore vacate the district court's remand order and remand the case to the district court for further proceedings.

**VACATED AND REMANDED.**