**ISRAEL DISCOUNT BANK, LTD., Plaintiff–counter–defendant– Appellant,**

v.

**Moshe SCHNAPP, an individual, Defendant–counter–claimant– Appellee.**

No. 06–55286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Dec. 22, 2006.

Ronald F. Frank, Esq., Bannan, Green, Frank & Terzian, LLP, Los Angeles, CA, Kevin C. McCann, Esq., Paul Hastings Janofsky & Walker, LLP, San Francisco, CA, for Plaintiff–counter–defendant–Appellant.

Paul M. Kelley, Esq., Donfeld, Kelley & Rollman, Los Angeles, CA, for Defendant–counter–claimant–Appellee.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

### ORDER *

Appellant Israel Discount Bank, Ltd. ("Israel Bank") appeals the district court's February 1, 2006, remand order. Because the district court issued its order on the basis of removal procedure and without affording Israel Bank an opportunity to respond, the sua sponte order is outside the authority of 28 U.S.C. § 1447(c) and we have jurisdiction to review the order notwithstanding 28 U.S.C. § 1447(d). *See Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 937–38 (9th Cir.2006); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1191–92 (9th Cir. 2003). The order of the district court remanding this action to state court is hereby **VACATED.**

The district court is ordered to reinstate all motions which were vacated by its order of February 1, 2006. The district court is further instructed to accept full briefing and carry out all fact-finding necessary to rule on the pending motions. Specifically, the district court shall determine whether Israel Bank qualifies as a foreign sovereign under the Foreign Sovereign Immunities Act of 1976 ("the Act"), 28 U.S.C. § 1603, and, if so, whether Israel Bank, as a counterclaim defendant, may remove the entire action to federal court under the Act's removal provision, 28

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S.C. § 1441(d). If the district court resolves both questions in Israel Bank's favor and finds removal jurisdiction proper, it shall then decide whether Israel Bank is entitled to immunity under § 1604 of the Act.

IT IS SO ORDERED.

THE MANDATE SHALL ISSUE FORTHWITH.

