**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MENDOZA, an individual, | No. 10-56058 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-09367-R-PLA |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| ANTHONY CRUZ, an individual, | No. 10-56069 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-09367-R-PLA |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 6, 2012
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac") appeal the district court's *sua sponte* remand of these actions to the Los Angeles Superior Court more than six months after the case was removed pursuant to 28 U.S.C. §§ 1441 and 1442. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.     We review "*de novo* a district court's decision to remand a removed case and its determination that it lacks subject matter jurisdiction." *Lively v. Wild Oats Mkt., Inc.*, 456 F.3d 933, 938 (9th Cir. 2006). The district court correctly determined that it had jurisdiction over the suits against Freddie Mac and Fannie Mae under 12 U.S.C. §§ 1452(f) and 1723a(a), respectively. After concluding that it had subject matter jurisdiction, the district court nonetheless *sua sponte* remanded the actions because Fannie Mae and Freddie Mac had filed unlawful detainer actions involving the Appellees in the Los Angeles Superior Court. Appellees argue, with no support in the record, that these actions were remanded for lack of subject matter jurisdiction and that we thus lack jurisdiction over this appeal under 28 U.S.C. § 1447(d). However, the district court's remand "for waiver of a right to remove is not within the ambit of" the § 1447(d) bar.

Therefore, we have jurisdiction over these appeals. *Clorox Co. v. U.S. Dist. Court*, 779 F.2d 517, 520 (9th Cir. 1985).

2. The district court had no authority to remand these cases more than six months after they were removed for reasons other than the lack of subject matter jurisdiction. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." The term "motion to remand" in § 1447(c) includes *sua sponte* remands by the district court. *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992). "The Supreme Court has held that a district court exceeds its authority in remanding on grounds not permitted by § 1447(c)." *Id.* at 785 (quotation and alterations omitted).

The remand orders were also premised on the erroneous determination that Fannie Mae and Freddie Mac waived their rights to remove by filing unlawful detainer actions in Los Angeles Superior Court. "In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). Freddie Mac and Fannie Mae filed the unlawful detainer actions before the plaintiffs filed these actions, and they thereafter voluntarily dismissed them. Neither Fannie Mae nor Freddie Mac took actions in state court that manifested

their intent to adjudicate these actions in state court or to abandon their rights to a federal forum.

3.     Even if the district court had been correct in its determination of waiver, the court lacks the authority to remand *sua sponte* based on a procedural defect. *Kelton Arms Condo. Owners Assoc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) ("[T]he district court cannot remand *sua sponte* for defects in removal procedure.").

Accordingly, the district court's *sua sponte* remand orders are **REVERSED** and this matter is **REMANDED**.