**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW SMITH, individually and as successor-in-interest to Jennifer Roberts (deceased); A. S., by and through her Guardian Ad Litem, Tera Harden Esq.; individually and as successor-in-interest to Jennifer Roberts (deceased); S. N., by and through her Guardian Ad Litem, Sherry Kinnison; individually and as successor-in-interest to Jennifer Roberts (deceased), <br><br>    *Plaintiffs-Appellees*, <br><br> v. <br><br> MYLAN INC.; MYLAN PHARMACEUTICALS, INC.; MYLAN TECHNOLOGIES INC.; MYLAN INSTITUTIONAL INC., <br><br>    *Defendants-Appellants*. | No. 12-56028 <br><br> D.C. No. 5:12-cv-00216-ODW-SP <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted February 10, 2014[*]
Pasadena, California

Filed August 4, 2014

Before: Dorothy W. Nelson, Richard A. Paez,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

## SUMMARY[**]

### Diversity Jurisdiction / Removal

The panel vacated the district court's dismissal based on lack of subject matter jurisdiction of a wrongful death case, and remanded to the district court.

Defendants invoked diversity jurisdiction and filed a notice of removal fourteen months after the lawsuit was filed in state court. The district court sua sponte remanded on the ground that Defendants had removed the case too late, and pursuant to 28 U.S.C. § 1447(c) found that it lacked subject matter jurisdiction.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that it had jurisdiction to review the district court's remand order.  The panel also held that the district court acted in excess of its statutory authority because the one-year time limitation for removal of diversity cases under 28 U.S.C. § 1446(b) (current version at 28 U.S.C. § 1446(c)) was a procedural requirement rather than jurisdictional.  The panel held that the district court could not remand sua sponte based on a non-jurisdictional defect because procedural deficiencies were waivable.  The panel concluded that Plaintiffs' failure to object constituted a waiver of any right to contest the removal.

## COUNSEL

Clem C. Trischler and Jason M. Reefer, Pietragallo Gordon Alfano, Pittsburgh, Pennsylvania; Julian G. Senior, Spencer LLP, Manhattan Beach, California, for Defendants-Appellants.

Patricia A. Law, Law Offices of Patricia A. Law, Riverside, California, for Plaintiffs-Appellees.

## OPINION

NGUYEN, Circuit Judge:

A state court action may not be removed to federal court on the basis of diversity jurisdiction more than one year after the action was filed.  *See* 28 U.S.C. § 1446(b) (current version at 28 U.S.C. § 1446(c)).  Defendants in this wrongful death case invoked diversity jurisdiction and filed a notice of removal fourteen months after the lawsuit was filed in state

court. The district court sua sponte remanded on the ground that Defendants had removed the case too late. The court, relying on 28 U.S.C. § 1447(c), found that it lacked subject matter jurisdiction.

We hold that the district court acted in excess of its statutory authority because the one-year time limitation for removal of diversity cases under § 1446(b) is a procedural requirement rather than jurisdictional. While the district court may remand at any time prior to final judgment for lack of subject matter jurisdiction, it cannot remand sua sponte based on a non-jurisdictional defect because procedural deficiencies are waivable. Here, Plaintiffs' failure to object constitutes a waiver of any right to contest the removal. We therefore vacate and remand.

## FACTUAL BACKGROUND

Plaintiffs Andrew Smith, Alexandra Smith, and Sarah Nevitt (collectively, "Plaintiffs"), individually and as successors-in-interest to their mother, filed a wrongful death action in state court on December 22, 2010. In October 2011, Plaintiffs served Defendants Mylan Inc., Mylan Pharmaceuticals, Inc., Mylan Technologies, Inc., and Mylan Institutional, Inc. (collectively, "Defendants") with an amended complaint. At that point, however, Defendants could not have removed the case because there was no federal question jurisdiction and the parties were not completely diverse. *See 2*8 U.S.C. §§ 1331, 1332, 1441. On January 30, 2012, more than one year after the filing of the case, the state court dismissed the last remaining non-diverse defendant. Two weeks later, on February 9, 2012, Defendants removed the matter to federal court, invoking diversity jurisdiction.

Plaintiffs did not file a motion to remand or otherwise object to removal.  To the contrary, shortly after removal, the parties filed a joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure in preparation for a scheduling conference with the court.  Nonetheless, a few weeks later, on May 3, 2012, the district court sua sponte remanded the case pursuant to § 1447(c) for lack of subject matter jurisdiction, finding that the case was improperly removed more than one year after it commenced in state court.  Defendants timely appealed.

## DISCUSSION

### A.

As a threshold matter, we must decide whether we have jurisdiction to review the district court's remand order.  Aside from certain exceptions not relevant here, § 1447(d) states that a remand order "is not reviewable on appeal or otherwise."  Despite this broad language, § 1447(d) does not preclude review if the district court lacked authority to remand under § 1447(c) in the first instance.  *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003).  "If, on the other hand, the district court had the power to remand *sua sponte* under section 1447(c), section 1447(d) would apply, and we would have no jurisdiction to review even if the remand was erroneous."  *Id.*

Thus, our resolution of the merits here determines whether we have jurisdiction.  As discussed below, the district court lacked authority under § 1447(c) to remand sua sponte based on Defendants' failure to remove within the one-year time limitation prescribed in § 1446(b).  We

therefore conclude that we have jurisdiction to review the district court's remand order.

## B.

We now turn to the merits. Under § 1447(c), the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" However, the court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand. *See* § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Kelton*, 346 F.3d at 1193 (holding that "the district court cannot remand *sua sponte* for defects in removal procedure").

Therefore, the question that we must decide is whether § 1446(b)'s one-year time limitation for removal of diversity cases is jurisdictional, rather than procedural in nature. Section 1446(b) provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be

> ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

(emphasis added).[1]

We have never specifically considered whether § 1446(b)'s one-year time limitation is procedural or jurisdictional. However, we have examined § 1446(b)'s thirty-day time limit within which the defendant must file a notice of removal after receipt of the complaint, and we have found it to be merely procedural. In *Fristoe v. Reynolds Metals Co.*, we observed that "the [thirty-day] statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." 615 F.2d 1209, 1212 (9th Cir. 1980). We further explained that "[a]lthough the time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." *Id.*; *see also Maniar v. FDIC*, 979 F.2d 782, 784 (9th Cir. 1992) (holding that "untimely removal is a

---

[1] On December 7, 2011, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011) ("the Act"), which amended certain portions of Title 28 of the United States Code, including § 1446(b). The Act's amendments took effect on January 6, 2012 and applied only to: (1) cases that were commenced in a district court on or after the Act's effective date and (2) cases that were removed from a state court to a district court and that had been commenced on or after the Act's effective date. *See* Pub. L. 112-63. Because this case was commenced in December 2010, before the Act's effective date, the version of § 1446(b) that is cited herein is the one in effect at the time this case was removed.

procedural defect and not jurisdictional"); *Kelton*, 346 F.3d at 1192–93 (same).

We see no reason to construe § 1446(b)'s one-year time limitation any differently from its thirty-day requirement. Accordingly, we hold that the one-year time limitation for removal of diversity cases is a procedural, non-jurisdictional requirement rather than jurisdictional. Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s one year-time limitation absent a timely filed motion to remand. *See Kelton*, 346 F.3d at 1192 (stating that procedural requirements, like personal jurisdiction, may be waived).

Our conclusion is consistent with those of our sister circuits that have addressed the one-year time limit in § 1446(b). *See Music v. Arrowood Indem. Co.*, 632 F.3d 284, 288 (6th Cir. 2011) ("[W]e hold that the one-year time limitation rule for removal, 28 U.S.C. § 1446(b), is procedural, not jurisdictional, and therefore subject to forfeiture."); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 616 (3d Cir. 2003) ("Because failure to remove within the one-year time limit established by § 1446(b) is not a jurisdictional defect, a district court has no authority to order remand on that basis without a timely filed motion."); *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect."); *Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) ("We are not persuaded by [the plaintiff's] arguments that section 1446(b) is jurisdictional in nature . . . .").

Further, as the Third Circuit observed, a finding that the time limit requirements in § 1446(b) are procedural is

supported by both the language of the statute and its legislative history. "First, nothing in the text of the statute suggests that the one-year limit operates differently from the 30-day limit. Neither provision expressly purports to limit federal jurisdiction[.]" *Ariel*, 351 F.3d at 614. And, the legislative history indicates that Congress passed the one-year time limit "simply to close a procedural gap that had arisen in the application of the 30-day time limit[.]" *Id.* at 615.

## C.

Plaintiffs in this case did not file a motion to remand. "A plaintiff may wish to remain in federal court even though he or she originally filed in state court. For example, a plaintiff might do this simply to expedite the litigation." *Kelton*, 346 F.3d at 1192. That may have been the case here, since Plaintiffs raised no objection to removal and instead joined Defendants in filing a Rule 26 report in anticipation of a scheduling conference with the court. Therefore, Plaintiffs have implicitly waived any procedural defect in removal. By remanding sua sponte on the basis of Defendants' violation of the one-year time limitation in § 1446(b), the district court acted in excess of its statutory authority.

The parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**