**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO ANTONIO CORONA-CONTRERAS,<br><br>*Plaintiff-Appellee*,<br><br>v.<br><br>STEVEN F. GRUEL,<br>*Defendant-Appellant.* | No. 15-16783<br><br>D.C. No.<br>3:15-cv-02143-JD<br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted April 17, 2017
San Francisco, California

Filed May 26, 2017

Before: Stephen Reinhardt and Marsha S. Berzon, Circuit
Judges, and Ann D. Montgomery,[*] District Judge.

Opinion by Judge Montgomery

---

[*] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

# SUMMARY**

### Remand / Removal

The panel held that the district court exceeded its authority under 28 U.S.C. § 1447(c) in *sua sponte* ordering a remand based on a procedural defect in the removal from state court of an action alleging breach of contract and legal malpractice, vacated the district court's remand order, and remanded to the district court for further proceedings.

The district court remanded the case based on the court's understanding that the time limits for removal under 28 U.S.C. § 1446(b) had not been satisfied.

The panel held that it had jurisdiction to hear the appeal because this was one of the rare cases where the panel needed to decide the merits to decide jurisdiction. The panel held that if the district court lacked authority to remand under 28 U.S.C. § 1447(c), appellate review was not precluded under 28 U.S.C. § 1447(d).

The panel held that federal subject matter jurisdiction was satisfied under 28 U.S.C. § 1332(a) where the amount in controversy exceeded $75,000, and the citizenship of the parties was diverse. The panel concluded that remand was based on a procedural defect, not a lack of subject matter jurisdiction.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that because the district court remanded for a procedural defect, and because procedural defects are waivable, the district court lacked authority to remand in the absence of a timely motion by the plaintiff. The panel concluded that because the plaintiff did not file any motion to remand, the district court exceeded its authority under 28 U.S.C. § 1447(c) by remanding *sua sponte* based on a non-jurisdictional defect.

The panel held that it need not decide whether removal was untimely under 28 U.S.C. § 1446(b) because even if it was, the district court lacked authority to remand on this basis absent a timely motion to remand by the plaintiff.

**COUNSEL**

Jason T. Campbell (argued), San Francisco, California; Paul H. Nathan, San Francisco, California; for Defendant-Appellant.

Barry K. Tagawa (argued), San Francisco, California, for Plaintiff-Appellee.

**OPINION**

MONTGOMERY, District Judge:

Plaintiff-Appellee Marco Antonio Corona-Contreras ("Contreras") sued Defendant-Appellant Steven Gruel ("Gruel") in California state court for, among other things, breach of contract and legal malpractice. Eleven months later, Gruel removed the case to federal court on the basis of diversity and federal question jurisdiction. Contreras did not object to the removal or file a motion to remand. More than three months after the case had been removed, the district court *sua sponte* found the removal to be untimely and remanded the case back to state court. Gruel appeals, arguing that the district court lacked authority to remand under 28 U.S.C. § 1447(c)[1] based on a procedural defect to which Contreras failed to object. We agree and therefore vacate and remand.

**BACKGROUND**

Contreras retained Gruel, an immigration attorney, to appeal an order that required him to depart from the United States. After the appeal to the Board of Immigration Appeals was unsuccessful, Gruel appealed to this court, also without success.

On June 27, 2014, Contreras, acting through new counsel, sued Gruel in San Francisco Superior Court alleging, among other things, breach of contract and legal malpractice. The complaint averred Contreras "is an individual currently residing in San Lorenzo, CA," but did

---

[1] All references to the U.S. Code are to the 2012 edition.

not state his citizenship or whether he was lawfully admitted for permanent residence in the United States.

On May 12, 2015, nearly eleven months after the state court action had been filed, Gruel filed a notice of removal to the District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).[2]  The notice of removal stated that removal on the basis of diversity jurisdiction was timely because the grounds for removal were not apparent from the face of the complaint, and because Gruel's receipt of papers from which diversity jurisdiction could be ascertained occurred no sooner than April 14, 2015.  Specifically, Gruel stated that he learned on April 14, 2015 that Contreras had not been successful in his continued efforts to attain lawful status in the United States, and learned the following week that the amount of damages in the controversy would exceed the $75,000 amount required for establishing diversity jurisdiction.

Contreras did not file a motion to remand or otherwise object to removal.  Approximately three months after removal, the parties filed a joint case management statement in preparation for a case management conference with the district court.  The case management statement related:  "The parties do not presently believe there are any outstanding issues as to jurisdiction or service."

On August 31, 2015, the district court issued an order directing the parties to "bring evidence to [a] September 2, 2015 Case Management Conference that demonstrates the

---

[2] Gruel also asserted that federal question jurisdiction was present as a result of a discovery dispute, but this alternate basis for removal is not at issue on appeal.

existence of diversity jurisdiction in this case, specifically in the form of evidence demonstrating plaintiff's foreign citizenship and any other evidence needed to establish diversity jurisdiction under 28 U.S.C. Sec. 1332(a)(2)."

The case management conference was held on September 2, 2015. At the conference, the district court judge began by stating that he was "puzzled about why this is coming to me so late." Noting that the case was filed in state court in June 2014 and not removed until May 2015, the judge stated: "I don't understand what it is you found out a year after it was filed that you think entitles you to let it be removed." The judge further stated that Gruel "did not remove within the 30-day period [that] he's required to do. And you need to address that and tell me why that is not dispositive and why this case should not be remanded right now." Gruel's counsel stated that the complaint was unclear as to Contreras' citizenship and lawful permanent resident status in the United States. The court disagreed and stated that counsel's removal of the case nearly a year after it had been filed was not timely.

The district judge concluded the case management conference by orally stating, "I find that the case was removed improvidently and without jurisdiction. I'm remanding it to San Francisco Superior Court." Later that day, the court entered a summary order similarly stating "the case was removed improvidently and without jurisdiction" and remanding the case to state court "pursuant to 28 U.S.C. § 1447(c)." Gruel timely appealed.

## DISCUSSION

### Jurisdiction

We first address our jurisdiction to hear this appeal. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." However, if the district court lacked authority to remand under § 1447(c), appellate review is not precluded. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("Despite this broad language, § 1447(d) does not preclude review if the district court lacked authority to remand under § 1447(c) in the first instance."); *Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 937 (9th Cir. 2006) ("[T]aken together, §§ 1447(c) and (d) bar appellate review of a remand order only if the district court had authority to remand under § 1447(c).").

Conversely, if the district court did have authority to remand *sua sponte* under § 1447(c), then § 1447(d) applies and we do not have jurisdiction to review the remand order. *Lively*, 456 F.3d at 937. Accordingly, this is "one of those rare cases in which we must decide the merits to decide jurisdiction. We, of course, have jurisdiction to decide jurisdiction." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1192 (9th Cir. 2003).

### Standard of Review

"We review *de novo* a district court's decision to remand a removed case and its determination that it lacks subject matter jurisdiction." *Lively*, 456 F.3d at 938.

**Analysis**

The question raised on appeal is whether the district court had authority under § 1447(c) to remand *sua sponte* based on a procedural defect to which Contreras did not object. Section 1447(c) provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "The first sentence of § 1447(c) 'consigns procedural formalities to the care of the parties,'" whereas "[t]he second sentence 'assigns to the court concern for its jurisdictional prerequisites.'" *Kelton*, 346 F.3d at 1192 (quoting *In re Allstate Ins.*, 8 F.3d 219, 223 (5th Cir. 1993)). "[P]rocedural requirements exist primarily for the protection of the parties" and "can be waived." *Id.* Therefore, a district court lacks the authority to remand a case *sua sponte* for procedural defects. *Id.* at 1192–93; *see also Smith*, 761 F.3d at 1044 ("[T]he court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand.").

The time limits for removal specified in 28 U.S.C. § 1446(b)[3] are procedural rather than jurisdictional. *Fristoe*

---

[3] Section 1446(b) "provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the

*v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."); *see also Smith*, 761 F.3d at 1045 (holding that the one-year time limitation formerly located in § 1446(b)[4] is like the thirty-day time limit in that both are procedural, non-jurisdictional requirements).  Therefore, even if a defendant fails to satisfy the time requirements of § 1446(b), the district court may not remand on that basis unless the plaintiff files a timely motion to remand. *Smith*, 761 F.3d at 1045 ("Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s . . . time limitation absent a timely filed motion to remand.").

The present case was remanded based on the district court's understanding that the time limits for removal under § 1446(b) had not been satisfied.  The district court was focused at the case management conference on the timeliness of the notice of removal.  The court stated that Gruel "did not remove within the 30-day period [that] he's required to do.  And you need to address that and tell me why that is not dispositive and why this case should not be remanded right now."  The court also stated, "I don't know why you [ ] all waited a year before you decided it was time to try to get to Federal Court.  That is not timely."

Although the district court concluded at the case management conference and in the remand order that the

---

defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

[4] The one-year time limitation is now located in 28 U.S.C. § 1446(c).

case was "removed improvidently and without jurisdiction," there was no discussion or finding of any missing element of federal subject matter jurisdiction under 28 U.S.C. § 1332(a). A district court has original jurisdiction under § 1332(a) if the matter in controversy exceeds $75,000 and the matter is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Rather than finding the absence of an element of subject matter jurisdiction, the district court focused exclusively on the timing of the removal to federal court. Federal subject matter jurisdiction is satisfied here. The joint case management statement filed on August 26, 2015 states that Contreras is seeking at least $90,200 in damages, and Contreras' counsel confirmed at the case management conference that diversity of citizenship exists. Thus, remand was based on a procedural defect, not a lack of subject matter jurisdiction.

Because the district court remanded for a procedural defect, and because procedural defects are waivable, the district court lacked authority to remand in the absence of a timely motion by Contreras. *Smith*, 761 F.3d at 1045; *Kelton*, 346 F.3d at 1192–93. Contreras did not file a motion to remand, timely or otherwise. Therefore, the district court exceeded its authority under § 1447(c) by remanding *sua sponte* based on a non-jurisdictional defect.

Contreras argues that the district court properly remanded the case because the existence of diversity jurisdiction was evident from the face of the complaint and Gruel did not remove the case within 30 days of receiving the complaint, as required under § 1446(b)(1). This argument ignores Contreras' failure to file a motion to remand, as required by § 1447(c). Because Contreras did not file a motion to remand, he waived any procedural defect in

the removal, and the district court lacked the authority to remand *sua sponte*.  *See Fristoe*, 615 F.2d at 1212 ("Although the time limit [under § 1446(b)] is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights."); *see also Smith*, 761 F.3d at 1044 ("[T]he court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand."); *Kelton*, 346 F.3d at 1193 ("[T]he district court cannot remand *sua sponte* for defects in removal procedure.").  Thus, we need not decide whether the removal was untimely under § 1446(b) because even if it was, the district court lacked the authority to remand on this basis absent a timely motion to remand by Contreras.

## CONCLUSION

We hold that the district court exceeded its authority under § 1447(c) in *sua sponte* ordering a remand based on a procedural defect in the removal from state court.  The district court's remand order is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**