**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYLE ATKINS, | No. 18-55809 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-04085-PA-PLA |
| v. | |
| FORD MOTOR COMPANY, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| DOES, 1-10, inclusive, | |
| Defendant. | |

| | |
|---|---|
| MARLENE MASON, | No. 18-55842 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-04324-PA-AS |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant-Appellant. | |

| | |
|---|---|
| MARK MIODOVSKI, | No. 18-55843 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |  |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:18-cv-04341-PA-MRW |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant-Appellant. | |

|  |  |
|---|---|
| ERNESTO PORRAS, | No.    18-55844 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-04518-PA-AFM |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant-Appellant. | |

|  |  |
|---|---|
| EDWARD SNOW, | No.    18-55858 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-04573-PA-AGR |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant-Appellant. | |

|  |  |
|---|---|
| JAMES WEST; KRISTIN WEST, | No.    18-55859 |
| Plaintiffs-Appellees, | D.C. No. 2:18-cv-04658-PA-GJS |
| v. | |
| FORD MOTOR COMPANY, | |

Defendant-Appellant.

EUGENIO D. SORIANO ALVAREZ;
CRISTABEL ALVAREZ DE GONZALEZ,

    Plaintiffs-Appellees,

  v.

FORD MOTOR COMPANY, a Delaware
Corporation,

    Defendant-Appellant.

No.   18-56356

D.C. No.
2:18-cv-07882-PA-SK

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 6, 2020[**]
Pasadena, California

Before:  KLEINFELD and NGUYEN, Circuit Judges, and PAULEY,[***] District Judge.

In these seven consolidated appeals, Ford Motor Company challenges the district court's orders remanding the cases to state court for lack of diversity jurisdiction, 28 U.S.C. § 1332.  Because "[a]n order remanding a case to the State

---

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   [***]    The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), we lack appellate jurisdiction and dismiss the appeals.

Notwithstanding § 1447(d)'s unqualified prohibition on review, we may review a district court's sua sponte decision to remand for any reason other than lack of subject matter jurisdiction. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46 (1976), *abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714–15 (1996); *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003). Ford argues that the district court remanded the cases not because it actually lacked subject matter jurisdiction but because Ford inadequately pled diversity of citizenship, which Ford characterizes as a "defect in removal procedure."

However, "review of the District Court's characterization of its remand as resting upon lack of subject-matter jurisdiction, to the extent it is permissible at all, [is] limited to confirming that that characterization was colorable." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007). "In deciding whether subject matter jurisdiction exists, a district court will reach legal conclusions concerning the presence of diversity," and appellate review of these conclusions is barred by § 1447(d), "even when the decision is wrong." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1388 (9th Cir. 1989).

The district court's characterization of the remands as being for lack of subject matter jurisdiction was colorable. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) (holding that remand for defective diversity allegations was unreviewable even though the removing defendant "could potentially have cured its defective allegations regarding citizenship by amending its notice of removal");[1] *see also Gravitt v. Sw. Bell Tel. Co.*, 430 U.S. 723, 723 (1977) (per curiam) (holding that § 1447(d) barred review of remand order finding that the removing defendant was judicially estopped from alleging diversity of citizenship, regardless of the parties' true citizenship); *cf. Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017) (rejecting district court's remand rationale that it was "without jurisdiction" over the case where "there was no discussion or finding of any missing element of federal subject matter jurisdiction").

**DISMISSED.**

---

[1] *Kanter* reviewed the propriety of the remand only "insofar as necessary to review the [district court's] fee award." 265 F.3d at 857. Ford presents no such issue here. Even if it did, "[b]ecause of the prohibition on appellate review of remand orders, we cannot reverse or affirm the [remand] order itself." *Id.*