NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS RASCON, individually and on behalf of all others similarly situated, | No. 20-55810 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-06632-RGK-JC |
| v. | |
| BENCHMARK ELECTRONICS, INC., | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| DOES, 1 through 20, inclusive, | |
| Defendant. | |

| | |
|---|---|
| LUIS RASCON, individually and on behalf of all others similarly situated, | No. 21-55210 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-06632-RGK-JC |
| v. | |
| BENCHMARK ELECTRONICS, INC., | |
| Defendant-Appellant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 7, 2021
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Benchmark Electronics, Inc. (Benchmark) appeals from the district court's order remanding this removed case to state court.  Exercising jurisdiction under 28 U.S.C. § 1453(c)(1), we reverse and remand.[1]

**1.**  The district court remanded the case based on its belief that Benchmark's removal notice was untimely and thus "procedurally defective."  District courts may not remand *sua sponte* for procedural defects.  *See Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029–30 (9th Cir. 2017); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192–93 (9th Cir. 2003).  Instead, the plaintiff must file a motion to remand before a case may be remanded to state court because of procedural deficiencies in the removal notice.  Because Luis Rascon never moved to remand, the district court lacked authority to remand the case based on the supposed untimeliness of Benchmark's removal notice.

**2.**  The district court also erred in concluding that Benchmark's removal notice was untimely.  When a defendant discovers through its own investigation

---

[1] We address Benchmark's arguments in No. 21-55210.  Our resolution of that matter renders the appeal in No. 20-55810 moot, and we dismiss that appeal.

facts showing that a case is removable under the Class Action Fairness Act (CAFA), the defendant may seek removal "at any time," so long as neither of the 30-day windows under 28 U.S.C. § 1446(b)(1) or (3) has been triggered. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013). Neither of those windows was triggered in this case, since no pleading or "amended pleading, motion, order or other paper" revealed on its face that there was diversity of citizenship or an amount in controversy sufficient to confer subject-matter jurisdiction under CAFA. 28 U.S.C. § 1446(b)(1), (3). Therefore, Benchmark was free to seek removal outside of the 30-day windows. *Roth*, 720 F.3d at 1126. And, because Benchmark removed this case under CAFA, its removal notice was timely even though it was filed more than one year after Rascon filed the complaint. *See* 28 U.S.C. § 1453(b).

**REVERSED and REMANDED.**