NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COURTNEY KRISTEK, | No. 20-17072 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01314-JAD-DJA |
| v. | |
| TRAVELERS HOME AND MARINE INSURANCE COMPANY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 18, 2021**
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,*** International Trade Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Courtney Kristek, also known as Courtney Dolan and Courtney Dolan-Kristek,[1] appeals a district court's dismissal of her complaint in this insurance coverage case. Dismissals under Rule 12(b) or (c) and determinations of subject-matter jurisdiction are reviewed *de novo*. *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004); *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017); *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017). We affirm.

## I.

We first address our appellate jurisdiction under 28 U.S.C. § 1291. The dismissal order stated that, if Kristek opted not to amend her complaint, the district court would consider it an admission that she could not plead plausible claims and would dismiss with prejudice. Rather than seek leave, Kristek filed a notice of appeal on the final day of the ten-day period.

We have found a district court's order disposing of all claims to be "a full adjudication of the issues" when, if not for the grant of leave to amend, "the dismissal would have clearly evidenced the judge's intention that it be the court's final act in the matter." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 & n.5 (9th Cir. 2019) (cleaned up). That logic applies here. The district court made plain

---

[1] This opinion uses the name Kristek consistent with the case caption in this Court. We address this issue below.

that it would have dismissed with prejudice the day after the notice of appeal was filed, and had it done so the notice of appeal would have ripened. *See* Fed. R. App. P. 4(a)(2). We therefore have appellate jurisdiction.

## II.

Kristek contends the district court lacked jurisdiction and should have remanded to state court for three reasons. None has merit.

First, while the notice of removal referred to 28 U.S.C. § 1333, the district court reasonably accepted defense counsel's statement that the reference to § 1333 rather than § 1332 was a typographical error. Second, the notice of removal was timely because the removing defendant, Travelers, was served on June 16, 2020, and filed the notice on July 16, 2020. *See* 28 U.S.C. § 1446; Fed. R. Civ. P. 6(a)(1)(A). Third, the district court rightly found that Travelers' failure to include proof of service on every defendant with the notice of removal was a *de minimis* defect and appropriately granted five days to amend. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013).

Finally, the district court did not err in treating a non-diverse defendant as a "sham defendant." The court was unable to discern any basis on which liability could be imposed against that defendant, and Kristek failed to seek leave to amend despite the district court's warning that failure to do so would be treated as a "concession that she cannot plead plausible claims." The district court therefore properly

exercised diversity jurisdiction to dismiss this case. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

**III.**

Kristek's Fourteenth Amendment "due process" attack on the district court's ruling is mostly a restatement of her other theories for reversal and boils down to the theory that it was unconstitutional for the district court to rule against her. That theory is so obviously meritless that we find it unnecessary to address it. And Kristek's contention that the district court violated her rights by ruling without a jury trial presupposes that her complaint successfully stated claims on which relief could be granted.

While Kristek claims the district court did not give her "the opportunity" to participate in the entire hearing or to respond to the amended notice of removal, the record shows that after Kristek became disconnected from the hearing, the district court made multiple phone calls, sent e-mail messages, and delayed the conclusion of the hearing for 90 minutes to allow further time for contact. Moreover, nothing in the district court's order prevented Kristek from filing a new motion to remand if she believed something in the amended notice of removal was defective.

## IV.

Kristek raises several claims of bias against the district court. First, she claims the district court discriminated against her based on an unspecified disability that prevented her from appearing at an in-person hearing during the pandemic. Even assuming Kristek is disabled (something not supported by the record), the district court granted Kristek's request for a videoconference hearing, so she cannot claim prejudice.

Second, Kristek complains that the district court questioned her use of different last names as plaintiff and as counsel. But the court made plain that it was doing so simply to make sure that the caption was accurate and that the court understood the identities of the parties.[2] There is no basis for us to conclude that the district judge was biased.

The judgment of the district court is **AFFIRMED.**

---

[2] The complaint listed the plaintiff as "Courtney Kristek" and her attorney as "Courtney L. Dolan" and began with "COMES NOW Plaintiff, COURTNEY KRISTEK, individually, by and through her counsel, Courtney L. Dolan, Esq., of DOLAN LAW GROUP, LTD."