**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRYAN HUNT, individually, and on behalf of all others similarly situated, | No. 21-56106 |
| Plaintiff-Appellee, | D.C. No. 2:21-cv-06059-PA-RAO |
| v. | |
| COUNTY OF LOS ANGELES, a public entity, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| CITY OF LOS ANGELES, a municipal entity; DOES, 1 through 100, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 30, 2022**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and R. NELSON, Circuit Judges, and DRAIN,*** District Judge.

Bryan Hunt appeals the district court's order remanding this case to state court based on its conclusion that there was a procedural defect in the removal. Ordinarily, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal." 28 U.S.C. § 1447(d). But Section 1447(d) precludes review only of remands authorized by 28 U.S.C. § 1447(c). *See Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017). Therefore, whether we have jurisdiction to review the remand order in this case is inextricably intertwined with the merits. *See, e.g., Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

The district court exceeded its authority under Section 1447(c) because it remanded the case *sua sponte* based on a procedural defect. *See id.* at 1193 (A "district court cannot remand *sua sponte* for defects in removal procedure."). We have held on several occasions that a plaintiff must file a motion before a district court may remand based on a procedural defect in the removal. *See Corona-Contreras*, 857 F.3d at 1029 ("Because the district court remanded for a procedural defect, and because procedural defects are waivable, the district court lacked authority to remand in the absence of a timely motion by Contreras."); *Smith v.*

---

*** The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

*Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("[T]he court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand."); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) ("[B]ecause Lively failed to object, the district court exceeded its § 1447(c) authority in ordering a remand.").

Hunt argues that the district court did not exceed its authority because Hunt's decision not to waive the procedural defect at the status conference constituted an oral "motion" to remand. We disagree. As an initial matter, the Central District of California's local rules generally bar oral motions, and there is no evidence that the district court made an exception in this case. *See* C.D. Cal. Local Civ. R. 6-1. Further, the record demonstrates that the district court, not Hunt, proposed remanding the case. Indeed, Hunt's counsel only acquiesced in the district court's suggestion after repeatedly asking for and being denied additional time to consider it. In sum, there is no evidence that Hunt moved to remand the case, orally or otherwise.

Because the district court remanded this case *sua sponte*, it exceeded its authority under Section 1447(c). We therefore have jurisdiction to review the remand order, and we vacate that order and remand to the district court for further proceedings.

**VACATED AND REMANDED.[1]**

---

[1] Appellee shall bear costs.