**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES KIM, | No. 22-17020 |
| Plaintiff-Appellee, | D.C. No. 2:22-cv-02247-TLN-AC |
| v. | |
| DARNELL CARD, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| KRYSTAL PARKER, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 29, 2024[**]

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Darnell Card appeals pro se from the district court's order remanding this

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

unlawful detainer action to California state court. We have jurisdiction under 28 U.S.C. § 1447(d). *BP P.L.C. v. Mayor & Council of Balt.*, 593 U.S. 230, 141 S. Ct. 1532, 1538 (2021) (where 28 U.S.C § 1443 is asserted as a ground for removal, appellate courts may review the entirety of the district court's removal order). We review de novo a district court's decision to remand a removed case and its determination that it lacks subject matter jurisdiction. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017). We may affirm on any basis supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

Remand of this action was proper because Card failed to establish that a state statute or constitutional provision purported to command the California state courts to ignore Card's federal rights. *See* 28 U.S.C. § 1443(1) (providing removal jurisdiction for actions alleging violations of equal civil rights where one cannot enforce such rights in state court); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (setting forth two-part test for removal under § 1443(1)), *abrogated on other grounds by BP P.L.C.*, 141 S. Ct. at 1538.

To the extent Card sought to remove under 28 U.S.C. § 1441, the district court properly remanded because the complaint did not present a federal question. *See* 28 U.S.C. § 1331 (providing original jurisdiction for civil actions "arising under" federal law); *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024,

22-17020

1029 (9th Cir. 2011) ("Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.").

All pending requests are denied.

**AFFIRMED.**