**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



**FILED**

JUN 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: HEARTWISE, INC., | No. 22-60060 |
| Debtor, | BAP No. 22-1089 |
| ------------------------------------------------------ | |
| VITAMINS ONLINE, INC., | MEMORANDUM* |
| Appellant, | |
| v. | |
| HEARTWISE, INC.; MAGLEBY, CATAXINOS & GREENWOOD, P.C., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Lafferty III, and Spraker, Bankruptcy Judges, Presiding

Submitted June 13, 2024**
Pasadena, California

Before: MURGUIA, Chief Judge, and CHRISTEN and VANDYKE, Circuit
Judges.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

Vitamins Online, Inc. ("VOL") appeals the Bankruptcy Appellate Panel's order affirming the bankruptcy court's decision to permissively abstain from resolving its competing claims with its former counsel, Magleby Cataxinos & Greenwood P.C., to a substantial money judgment VOL previously obtained against Heartwise, Inc. *See* 28 U.S.C. § 1334(c)(1). VOL now contends the bankruptcy court lacked jurisdiction over the dispute between it and MCG under 28 U.S.C. § 157 and § 1334(b). We have jurisdiction under 28 U.S.C. § 158(d). *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976), *superseded by statute on other grounds by* 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003). The bankruptcy court's jurisdiction presents a legal issue this court reviews de novo. *In re Rains*, 428 F.3d 893, 903 (9th Cir. 2005). We affirm.

District courts may refer to the bankruptcy court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). Under § 157, bankruptcy judges "may hear and determine" two different kinds of proceedings: (1) "all core proceedings arising under title 11, or arising in a case under title 11," *id.* § 157(b)(1), and (2) "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," *id.* § 157(c)(1). *See In re Wilshire Courtyard*, 729 F.3d 1279, 1285–93 (9th

2

Cir. 2013) (distinguishing between core "'arising under' and 'arising in'" jurisdiction and non-core "related to" jurisdiction).

The bankruptcy court had jurisdiction because adjudicating VOL's and MCG's competing claims are "core proceedings arising under … or arising in a case under title 11." 28 U.S.C. § 157(b)(1). A non-exhaustive list of "core proceedings" in § 157(b)(2)(B) includes the "allowance or disallowance of claims against the estate." "The filing of a proof of claim is the prototypical situation involving the 'allowance or disallowance of claims against the estate,'" *In re G.I. Indus., Inc.*, 204 F.3d 1276, 1279 (9th Cir. 2000) (citation omitted), and "there can be no serious dispute that claims filed in bankruptcy are within the bankruptcy court's core jurisdiction," *In re Conejo Enters.*, 96 F.3d 346, 349 (9th Cir. 1996).

Here, both VOL and MCG filed a proof of claim for the full amount of the money judgment and an objection to each other's claims. By doing so, they initiated a core "allowance or disallowance of claims" proceeding as contemplated by § 157(b)(2)(B). Under 11 U.S.C. § 502, proofs of claim are "deemed allowed[] unless a party in interest … objects," *id.* § 502(a), in which case "the court, after notice and a hearing, shall determine the amount of such claim … and shall allow such claim in such amount," *id.* § 502(b).

Where, as here, claims and objections thereto have been filed in a Chapter 11 proceeding, it is a core function of the bankruptcy court to determine whether such

claims should be allowed and in what amount, pursuant to the procedure laid out in § 502. That is true even if adjudicating the underlying dispute regarding the engagement letter is "a non-core issue." *See G.I. Indus.*, 204 F.3d at 1280 (holding that a creditor "voluntarily subjected" a non-core issue of state law contract interpretation "to the bankruptcy court's jurisdiction" "[b]y filing the proof of claim" because the "bankruptcy court c[ould] only consider an objection to a claim and thus overcome the presumption of its validity by examining the contract itself and the circumstances surrounding its formation"). Because the bankruptcy court had core jurisdiction over VOL's and MCG's competing claims to the money judgment, it did not lack jurisdiction to issue an order permissively abstaining from that dispute.[1]

**AFFIRMED.**

---

[1] We also **DENY** VOL's motion to take judicial notice (Dkt. No. 28) as moot.